Lake Erie and Western Railway Company *v.* Griffin *et al.*

Filed Jan. 9, 1884.

———————◆———————

No. 10,757.

LAKE ERIE AND WESTERN RAILWAY COMPANY *v.* GRIFFIN ET AL. ⁋ ². 𝔖𝔩\𝔞'𝔶𝔩 ?

| | |
|---|---|
| 92 | 487 |
| 125 | 21 |
| 92 | 487 |
| 132 | 478 |
| 92 | 487 |
| 146 | 41 |
| 146 | 295 |

FORECLOSURE OF RAILWAY MORTGAGE.—*New Railway Company.—Debts of Old Company.*—Where a mortgage given by a railroad company is foreclosed, and all the property, rights, franchises and effects of such company are duly sold under the decree of foreclosure, and a new company is thereupon organized under the laws of this State, for the purpose of owning and operating the line of railway previously owned by the old company, with all its franchises, rights and property, the new railway company is not liable at law for the general debts of the old company, except such debt or debts as it may assume.

SAME.—*Judgment for Condemnation Money.—Liability of New Company.*—But where the old company has appropriated land for the purposes of its railroad, and a judgment has been rendered against it for the value of the land appropriated or condemned, which judgment is unpaid, if the new company enters upon and occupies such land, it will be liable in equity for the payment of such judgment upon the principle that it has adopted and ratified the original appropriation.

SUIT IN EQUITY.—*Trial by Court.—Questions of Fact.—Framing Questions for Trial by Jury.—Verdict for Information Only.*—Under section 409, R. S. 1881, issues of law and of fact in causes that, prior to the 18th day of June, 1852, were of exclusive equitable jurisdiction, must be tried by the court, and it is error to refuse such trial. The court may in its discretion, for its information only, cause any question of fact to be tried by a jury; but, in such case, the court must frame or cause to be framed such question or questions of fact as it desires to be tried by a jury, and the jury should be sworn to try such question or questions of fact. The verdict of the jury is for information only, and the court may or may not use such information in rendering such final decree in the cause as equity may require.

From the Carroll Circuit Court.

*H. W. Chase, F. S. Chase* and *F. W. Chase,* for appellants. *J. R. Coffroth, S. A. Huff, G. O. Behm* and *A. O. Behm,* for appellees.

Howk, C. J.—This suit was commenced by the appellees against the appellant and the Lafayette, Muncie and Bloomington Railroad Company, in the Tippecanoe Circuit Court. The appellant's demurrer was sustained to the original complaint, to which ruling the appellees excepted, and, with leave of the court, filed an additional second paragraph of complaint. Thereupon, on the appellees' motion, the venue of the cause was changed to the court below.

In this latter court, the cause was put at issue and tried by a jury, and a special verdict was returned, upon which the court rendered judgment for the appellees, as prayed for in the second paragraph of their complaint. From this judgment the appellant has appealed to this court, and, by a proper assignment of errors, has called in question a number of the decisions of the trial court, which will be considered and passed upon in the order of their assignment.

The first error complained of by the appellant, in argument, is the overruling of its demurrer to the second paragraph of the complaint. In this paragraph of their complaint, the appellees alleged, in substance, that each of the defendants was a railroad corporation of this State, organized under the general laws thereof; that on and before the 24th day of October, 1875, the appellees were the owners in fee simple of thirty-eight feet off of the west end of lot number one, in O. L. Clark's addition to the town, now city of Lafayette, in Tippecanoe county, abutting on an alley twelve feet wide; that on and before the day last named, the defendant the Lafayette, Muncie and Bloomington Railroad Company owned and operated a line of railway through Tippecanoe county, along and contiguous to the above described real estate; that, on the last named day, the said Lafayette, etc., R. R. Co. appropriated the above described real estate for the use of its

track and necessary side-tracks, water-stations, depots, etc., by filing its act of appropriation in the office of the clerk of the circuit court of Tippecanoe, and serving notice of such appropriation on the appellees, pursuant to the act of May 11th, 1852, providing for the incorporation of railroad companies; that thereupon such proceedings were had therein, as that appraisers were appointed by the Tippecanoe Circuit Court to appraise the damages of the appellees occasioned by such appropriation; that afterwards, on December 14th, 1875, the said appraisers made and filed in the clerk's office of such court their report, awarding the appellees the sum of $2,400 as their said damages; that, feeling aggrieved by such award, appellees filed exceptions thereto and appealed therefrom to the Tippecanoe Circuit Court on the 14th day of December, 1875; that afterwards, on December 28th, 1875, on the appellees' application, the venue of such appeal was changed to the Carroll Circuit Court; that in the latter court, on the 16th day of May, 1877, such appeal was tried and final judgment was rendered therein in favor of the appellees and against the Lafayette, Muncie and Bloomington Railroad Company, on account of the appropriation of such real estate, in the sum of $5,008.66 and the cost of suit, taxed at $——; and that said judgment remained in full force, unreversed and unsatisfied in whole or in part.

The appellees further averred that prior to October 20th, 1875, the Lafayette, Muncie and Bloomington Railroad Company had executed a mortgage to Abram B. Bayless, as trustee, to secure the payment of the sum of $600,000 in the bonds of such company, and also another mortgage to the New York Loan and Trust Company, as trustee, to secure the further sum of $1,750,000 in the bonds of such company, both of which mortgages were upon the franchises and property, both real and personal, then owned or thereafter to be acquired by such railroad company; that afterwards, in 1879, in a certain suit then pending in the circuit court of the United States for the district of Indiana, wherein the said

Bayless, as trustee, was complainant, and the said Lafayette, Muncie and Bloomington Railroad Company and the trustee in said second mortgage were defendants, decrees of foreclosure of both mortgages were rendered by the court, and a commissioner was appointed to sell the mortgaged property; that afterwards, on April 28th, 1879, the said commissioner sold all the franchises, rights, property and effects of the last named railroad company to certain named persons, at the instance of, in trust for and on account of the owners and holders of the bonds, so secured by both of such mortgages; that afterwards, in 1879, the owners and holders of such mortgage indebtedness organized a railroad corporation, under the name of the Muncie and State Line Railroad Company, pursuant to the laws of this State, for the purpose of owning, maintaining and operating the said line of railway so owned by the Lafayette, Muncie and Bloomington Railroad Company, with all its franchises, rights and property; that after the incorporation of the Muncie and State Line Railroad Company, at the instance and request and by the procurement of the owners and holders of the mortgage bonds, the purchasers at such commissioner's sale conveyed, transferred and delivered to such last named company all the franchises, rights, property and effects so purchased by them as aforesaid; and that the Muncie and State Line Railroad Company, by change of its corporate name, had become and was the appellant, "the Lake Erie and Western Railway Company," and was then possessed of and enjoying all the franchises, rights, property and effects of the Lafayette, Muncie and Bloomington Railroad Company.

And the appellees averred, that from and after the said condemnation of their said real estate, the said Lafayette, Muncie and Bloomington Railroad Company entered upon and occupied the premises so condemned until the appellant's succession to the rights and franchises of the former railroad company as aforesaid; and that the appellant, upon such succession, entered upon, used and occupied the condemned

premises, and from thence until the bringing of this suit had, and still continue to occupy and use the premises so condemned as aforesaid. Wherefore the appellees prayed judgment that the appellant, the Lake Erie and Western Railway Company, might be decreed to pay the amount of the said judgment of the Carroll Circuit Court, with the interest and costs thereon, to wit, the sum of $10,000, and for other proper relief.

We are of opinion, that the facts stated in this paragraph of complaint, if true, and the demurrer admits their truth, are sufficient to constitute an equitable cause of suit in favor of the appellees and against the appellant. Under the averments of the paragraph, the appellees. had recovered against the Lafayette, Muncie and Bloomington Railroad Company, in its proceedings for the appropriation of appellees' real estate, a valid judgment, which remained in full force and unsatisfied, in whole or in part. Prior to the rendition of such judgment, the railroad company had executed mortgages upon its entire property, real and personal, then owned or thereafter to be acquired by such company. After the recovery by appellees of their judgment, the mortgages given by the railroad company were foreclosed, and all its property, rights, franchises and effects were duly sold to certain named persons, for and on account of the owners and holders of the bonds of the company secured by such mortgages. Afterwards, the owners and holders of such bonds organized a new railroad corporation, under the corporate name of the Muncie and State Line Railroad Company, pursuant to the laws of this State, for the purpose of owning, maintaining and operating the line of railway previously owned by the Lafayette, Muncie and Bloomington Railroad Company, with all its franchises, rights and property. After the incorporation of the new railroad company, the purchasers of the franchises, rights, property and effects of the old company transferred and delivered the same to the new corporation; and that, by change of its corporate name, the new company became and

was the appellant, the Lake Erie and Western Railway Company, and was possessed of and enjoying all the franchises, rights, property and effects of the old railroad company.

Upon the facts recited, if no others had been alleged, it is very clear that the appellees could maintain no suit, either at law or in equity, against the appellant for the recovery of their judgment against the old railroad company. In other words, upon the facts recited, the appellant did not become liable for the debts of the old corporation. *Vilas* v. *Milwaukee, etc., R. W. Co.,* 17 Wis. 513; *Smith* v. *Chicago, etc., R. W. Co.,* 18 Wis. 21; *Wright* v. *Milwaukee, etc., R. W. Co.,* 25 Wis. 46. In *Gilman* v. *Sheboygan, etc., R. R. Co.,* 37 Wis. 317, the court said: "The case in principle is not different from the ordinary one, where a party purchases property sold on a mortgage. Such person does not thereby become liable. to pay the general debts of the original owner, though, if a prior lien exists upon the property, it may of course be enforced. But this is an action of debt upon a judgment against the old company, and proceeds upon the mistaken notion that the defendant company" (the new corporation) "is liable upon it in the same manner as though the judgment were originally rendered against it."

In this State it is provided by statute, in section 3947, R. S. 1881, in force since March 3d, 1865, in such a case as the one made by the facts above recited, that the new railroad corporation "shall have power, * * * * to assume any debts and liabilities of the former corporation, and to make such adjustment and settlement with any stockholder or stockholders or creditor or* creditors of such former corporation as may be deemed expedient." From this statutory provision, the implication is strong and clear that in such a case as is shown by the facts above recited, the new railroad corporation is not liable at law for the general debts of the old company, unless it assumes the payment of such general debts, and only for such debt or debts as it may assume. The appellees do not allege in the second paragraph of their com-

plaint that the appellant had ever assumed to pay their judgment against the old company.

But, in addition to the facts above recited, the appellees did aver in the second paragraph of their complaint, that, upon its succession to the rights and franchises of the former corporation, the appellant entered upon, used and occupied the premises condemned by such former corporation, and from thence, until the bringing of this suit, had continued and still continued to occupy and use such premises.

We are of opinion that this additional averment makes the second paragraph, as a complaint in equity, sufficient to withstand the appellant's demurrer thereto, for the want of facts. If this additional averment be true, and its truth is admitted as the question is now presented, it shows the appellant's election to adopt the original appropriation of appellees' premises, by its entry upon, use and occupation of such premises, for the purposes of its road. In such case, the appellant's liability does not rest upon the judgment against the old corporation, but upon the principle that, having adopted and ratified the original appropriation, it is bound in equity and good conscience to make compensation. For the right of the appellees to compensation for their property is protected by the Constitution, and it will not do to say that their unsatisfied judgment against the old insolvent corporation affords them any just compensation. The maxim applies, *qui sentit commodum, sentire debet et onus.* *Gilman* v. *Sheboygan, etc., R. W. Co., supra; Pfeifer* v. *Sheboygan, etc., R. R. Co.,* 18 Wis. 164.

The demurrer to the second paragraph of appellees' complaint, therefore, was correctly overruled.

It is shown by a bill of exceptions, properly in the record, that on the 12th day of December, 1882, the day on which this cause was set down for trial, and before the jury were empanelled therein, the defendant the Lake Erie and Western Railway Company moved the court to try this cause without the intervention of a jury, under the provisions of section 409, R. S. 1881. Section 409 provides as follows:

"Issues of law and issues of fact in causes that, prior to the 18th day of June, 1852, were of exclusive equitable jurisdiction, shall be tried by the court; issues of fact in all other causes shall be triable as the same are now triable. In case of the joinder of causes of action or defences which, prior to said date, were of exclusive equitable jurisdiction, with causes of action or defences which, prior to said date, were designated as actions at law and triable by jury—the former shall be triable by the court, and the latter by a jury, unless waived; the trial of both may be at the same time or at different times, as the court may direct: *Provided*, That in all cases triable by the court as above directed, the court, in its discretion, for its information, may cause any question of fact to be tried by a jury, or the court may refer any such cause to a master commissioner, for hearing and report."

The court overruled the appellant's motion for the trial of the cause by the court, without the intervention of a jury, and submitted the cause to a jury for trial as an action at law. This was error. The second paragraph of appellees' complaint, as we have seen, was a complaint or bill in equity, and the issues of law and fact thereon were such as, prior to the 18th day of June, 1852, were of exclusive equitable jurisdiction. Such issues in such a cause the statute declares "shall be tried by the court." It was so held by this court in the recent case of *Hendricks* v. *Frank*, 86 Ind. 278, and we adhere to that decision.

It is further shown by bill of exceptions appearing in the record, that "a jury being impanelled and being about to be sworn, the defendant moved the court to frame or have framed and submitted to the jury for them to try, the question whether or not the defendant the Lake Erie and Western Railway Company has entered into and retained possession of the real estate described in the complaint, and still retains such possession; but the court refused to frame or allow such issue to be framed and submitted to the jury, and

ordered said jury to be sworn generally to try the cause on their oath as elsewhere appears in the record."

It was, probably, not erroneous for the court to refuse to submit to the jury for trial, the particular question of fact stated in appellant's motion; because it is in the discretion of the court whether it will submit to the jury any question of fact, and if so what question, for the court's information, in such a case.  But the court did err in refusing to frame or cause to be framed the question or questions of fact, which, in its discretion, the court might wish to have tried by a jury for its own information, and, also, in ordering the jury to be sworn generally to try the cause.  As we construe the provisions of section 409, the court is not authorized, in any such case as the one at bar, to order a jury to be sworn generally to try the cause; for the issues in such a cause " shall be tried by the court."  When, in such a case, the court in its discretion may wish to take the verdict of a jury on any question or questions of fact for its information, the court must frame, or cause to be framed, such question or questions of fact, and the jury should be sworn to try such question or questions of fact.  The verdict of the jury, upon the question or questions of fact so tried by them, is merely for the information of the court.  Upon the final hearing of such case, the court may or may not use the information so derived from the verdict of the jury upon the question or questions of fact tried by them, in rendering such final decree in the cause as equity may require.  This is substantially what was decided by this court in *Evans* v. *Nealis,* 87 Ind. 262.

In the case last cited, it will be observed from the opinion of the court, that the cause was submitted generally to the jury for trial without any objection by either party, and not over such motions as were interposed by the appellant, at the proper time, in the cause in hand.

What we have already said practically disposes of the claim urged in argument by the appellees' counsel, that the

court had the right, over the appellant's motions above referred to, to submit the cause generally to the jury for trial and render its decree upon their verdict.    The court had no such right, under the statute, as we construe its provisions. Besides, the record of this cause shows that the court did not do, either in form or substance, what counsel claim it had the right to do.    The record shows throughout that the cause was treated by the court as an action at law, and that, upon the return of the verdict, the court rendered an ordinary judgment thereon for the recovery of the damages assessed by the jury.

Many other questions are discussed by appellant's counsel, but as the judgment must be reversed for the errors already pointed out, we need not now consider or decide such other questions.

The judgment is reversed with costs, and the cause is remanded with instructions to set aside the verdict of the jury and proceed in the cause, in accordance with this opinion.

Filed Nov. 27, 1883.    Petition for a rehearing overruled Jan. 2, 1884.