Pence *v.* Garrison *et al.*

No. 10,298.

## PENCE *v.* GARRISON ET AL.

DRAINAGE.—*Injunction.*—*Nuisance.*—A drain constructed under the act of 1875 touched the lands of A., but did not affect them, and was only of capacity sufficient to drain the lands which had been assessed for its construction. A. afterwards was about to turn the waters of a large swamp, partly his own, with an outlet, being a well defined stream, in another direction, into this drain by making an artificial channel on his own land, the effect of which would be to overtax the capacity of the drain and thereby submerge and injure the lands drained by it.
*Held,* that A. could be stopped by injunction.

TRIAL.—*Jury.*—*Injunction.*—*New Trial.*—*Practice.*—In a suit for injunction the trial is by the court, but for its information the court may, in its discretion, refer any question to a jury, but the finding ultimately must be by the court, and until that is made a motion for a new trial is premature and can not be granted.

SAME.—*Equity.*—*Discretion.*—The discretion of the trial court as to what questions, in a cause in equity, it shall submit to a jury, is not subject to the control of the Supreme Court.

SAME.—For a discussion of the practice where, in the trial of a cause in equity, the court submits questions to a jury, see opinion.

JUDGMENT.—*Modification.*—*Injunction.*—There is no error in refusing to modify a judgment of injunction, so as to permit what the injunction does not prohibit.

From the Whitley Circuit Court.

*M. Sickafoose, W. Olds* and *C. B. Tulley,* for appellant.
*T. R. Marshall* and *W. F. McNagny,* for appellee.

BLACK, C.—Suit for an injunction, brought by the appellees against the appellant. In the complaint it was alleged, in effect, that the plaintiffs owned and were in possession of certain land described, in Whitley county; that through said land and the lands of divers other citizens of said county a certain drain, or watercourse, known as the Wade ditch, had been laid out and established, under the act of the Legislature of March 9th, 1875, Acts 1875, Reg. Sess., p. 97; that east of said ditch the defendant and his wife owned certain lands described, of which the defendant was in possession, which were in no way affected by the construction of said ditch, and were

not assessed therefor, and the defendant paid no money and furnished no work in the construction thereof, but it was constructed by other persons interested; that the plaintiff Martin D. Garrison was assessed for the construction of said ditch on account of said land of the plaintiffs, and he performed the work allotted to him thereon, and paid the money assessed against him therefor; and that the defendant had no interest in said ditch. A particular description of the Wade ditch was given, and it was alleged that upon the east and northeast thereof, on said lands of the defendant, he had about twenty-three acres of swamp land, which in the spring and fall was constantly covered with water, and had upon it at all times of the year such quantities of water as to be unfit for cultivation, and it had not been fit for either grazing or agricultural purposes, because of such accumulations of water; that said swamp land was only a part of a large tract of swamp land embracing several hundreds of acres; that the natural outlet of all said swamp lands was into Blue river, on the northwest thereof, through which outlet there constantly flowed from said swamp lands a stream of water.

It was alleged that the defendant was engaged in cutting a ditch to and into said swamp lands, with the avowed purpose of draining his said land in such a manner as to cause the water to flow from said swamp over his land and the land of another person named, into said Wade ditch, through and by means of a channel running into and connecting with the east end thereof; that the natural inclination of the land at the west end of the private ditch which the defendant was digging was such that, of necessity, the volume of water which would flow into it would pass over his land and a small tract of said other person, and thence into said Wade ditch; that between the west end of the defendant's ditch and his said swamp land, which he proposed to drain, was a high natural elevation of land, or divide, which the defendant threatened to cut through; that from said divide westward the inclina-

tion of the land was to the west, while eastward from said divide the inclination was north and west; that the water lying upon the lands of the defendant were not surface waters, but they were swamp or marsh waters with a well-defined channel running northward; that if he should be permitted to continue the digging of his said private ditch, he would turn not only the natural channel or outlet of his portion of said swamp, but also that of the marsh lands for three-fourths of a mile northwards; that said Wade ditch was of sufficient size to carry off the water from the lands which it was constructed to drain, and no more; that it was not of sufficient size to carry off said waters so to be diverted from their natural channel; that if the defendant should be permitted to continue the digging of said ditch the waters would rush into said Wade ditch in such volume as to overflow its banks, and they would back up on and overflow said land of the plaintiffs, and render it unfit for use, and work the plaintiffs irreparable injury, for which they would have no adequate remedy at law; that by such overflow said land of the plaintiffs would be deteriorated in quality and injured in its market value; that there was in said swamp, flowing slowly northward, enough water to fill said Wade ditch, from its starting point to its outlet, about twenty times; that about twelve acres of said land of the plaintiffs was low land, and was only rendered fit for cultivation by the construction of said Wade ditch; that if the defendant should be permitted to finish his said ditch, he would overflow all or nearly all of said land, especially in the spring and fall, thereby rendering said land unfit for cultivation and practically worthless, and working irreparable injury to the plaintiffs. Prayer for an injunction.

A demurrer to the complaint for want of sufficient facts was overruled, and the defendant answered by a general denial.

The cause was commenced on the 23d of April, 1881. It came to trial on the 6th of February, 1882. A jury was empanelled and sworn "to try the matters in issue between the

parties." The evidence having been introduced, and the arguments of counsel having been heard, the court, of its own motion, for its information, submitted to the jury, to be tried by the jury upon the evidence, certain questions of fact submitted to the jury by written interrogatories.

The defendant objected to each and all of said interrogatories for reasons stated. The court overruled the defendant's objections.

The defendant presented to the court three interrogatories, and requested the court to submit them to the jury to be answered, but the court refused to do so.

In submitting said questions to the jury the court gave to the jury, over the defendant's objection, an instruction numbered 1.

The jury returned written answers to said interrogatories so submitted by the court.

The record, as made up by the clerk from his entries, purports to show, next after the return of the jury, that the defendant moved to set aside the interrogatories submitted to the jury and the answers of the jury thereto, and for judgment in his favor on the evidence, notwithstanding said answers; that the court overruled this motion, and that the defendant excepted. There is a bill of exceptions in the record, but this motion is not set out or mentioned therein.

The record next shows that the defendant filed his motion for a new trial, which the court overruled, and that the defendant made and the court overruled a motion in arrest of judgment.

It is next shown that, upon the plaintiffs' motion therefor, upon the special findings returned by the jury, and upon the evidence given and heard in the cause, " the court does find that the material allegations of the plaintiffs' complaint are true, in substance and in fact, as therein alleged, and that they are entitled to the injunction as against the defendant, as therein prayed for." Then follows the judgment. It is shown by bill of exceptions that the defendant made several

motions, which are set out in the bill, to modify the judgment, and that they were overruled.

The appellant has assigned as errors :

*First.* The overruling of the demurrer to the complaint.

*Second.* The overruling of the appellant's motion to set aside the interrogatories submitted to the jury and the answers thereto, and for judgment in his favor on the evidence, notwithstanding said answers.

*Third.* The overruling of the motion for a new trial.

*Fourth.* The overruling of the motion in arrest of judgment.

*Fifth.* The granting of the injunction set out.in the record.

*Sixth, Seventh* and *Eighth.* The overruling of three motions to modify the judgment.

It is objected that the complaint charges a threatened trespass merely, and that, therefore, no ground for equitable relief is shown. It is not necessary to determine whether the wrong which it was sought to prevent would, if accomplished, constitute ground for what formerly would have been an action of trespass or for what would have been an action on the case. The principles upon which courts of equity prevent the creation of nuisances are very nearly related to those upon which they prevent trespasses.

The complaint shows the threatened doing by the defendant upon his own land of an act which would result, through gravitation, in a continuous or constantly recurring injury to the plaintiffs' land, amounting to a nuisance. Full compensation for the entire injury which would be inflicted by the constantly recurring or continuous grievance could not be obtained in one action at law. In such a case as that presented by the complaint, not only is a resort to a court of equity allowable, but the preventive relief is eminently adapted to the circumstances.

The appellant does not contend that, if by the digging of his ditch he should cause such a quantity of water to flow upon or over the land of the appellees as to cause substantial

injury thereto, he would not be liable therefor, but he contends that he would only be liable to an action at law for damages; and he bases his claim, in part, upon the 12th section of the act of March 11th, 1867, Acts 1867, p. 188, providing for the construction by land-owners of new ditches into and communicating with ditches previously constructed on the lands of other persons, and making the person constructing such new ditch liable, from time to time, to the owners of land along the old ditch, for damages suffered by them in consequence of his failure to properly enlarge the capacity of the old ditch.

The new ditches contemplated and provided for in said section 12 were ditches constructed under and pursuant to statutory provisions therefor. Whether, if the ditch of the appellant was being made pursuant to statutory authority, this fact would have been sufficient to deprive the appellees of the equitable remedy sought had the statute referred to been in force, we need not say. How far, or whether to any extent, said section 12 was modified by section 15 of the act of March 9th, 1875, Acts 1875, Reg. Sess., p. 102, need not be determined. When that which was complained of was being done, and this suit was commenced, the entire act of 1867 aforesaid, and all acts amendatory thereto, had been repealed by the act of March 13th, 1879, Acts 1879, p. 241. The complaint was sufficient.

Our code of civil procedure of 1881 provides (R. S. 1881, section 409), that "Issues of law and issues of fact in causes that, prior to the 18th day of June, 1852, were of exclusive equitable jurisdiction, shall be tried by the court; issues of fact in all other causes shall be triable as the same are now triable. In case of the joinder of causes of action or defences which, prior to said date, were of exclusive equitable jurisdiction, with causes of action or defences which, prior to said date, were designated as actions at law and triable by jury —the former shall be triable by the court, and the latter by a jury, unless waived; the trial of both may be at the same

time or at different times, as the court may direct: *Provided,.*
That in all cases triable by the court as above directed, the
court, in its discretion, for its information, may cause any ques-
tion of fact to be tried by a jury, or the court may refer any
such cause to a master commissioner, for hearing and report."

For nearly a generation before the enactment of the pro-
vision just quoted, an action such as the one at bar, for a per-
petual injunction, was, in this State, triable before a jury, un-
less a jury trial was waived. Section 320, code of 1852;
*Hopkins* v. *Greensburg, etc., Co.,* 46 Ind. 187.

The trial of such a cause must now be by the court, but
the court may, in its discretion, for its information, cause any
question of fact involved in the trial to be tried by a jury.
No more particular direction is given by the statute concern-
ing the trial by jury in such cases, and it is manifest that the
practice contemplated is that used in the trial by jury of ques-
tions of fact sent out of a court of chancery, before the adop-
tion of the code of 1852, except as modified by the provisions
of our code. The object of such trial by jury, like that of
the trial of a feigned issue, is to satisfy the conscience of the
judge. The trial of the cause is by the court. There is but
one trial of the cause, and thereof the trial of questions of
fact by jury is an incident. The general provisions in re-
lation to trials by the court and the findings, or decisions
therein, and to making of motions for new trials and the
granting thereof, are applicable to such cases.

The questions of fact to be tried by jury should be stated
by way of interrogatories, to be answered by the jury. All
or any number of the questions of fact involved in the trial
may be thus presented. The interrogatories may be pre-
pared by the court, or they may be prepared by counsel un-
der the direction of the court, or they may be submitted by
counsel to the court. But whether any questions shall be
submitted to the jury is a matter within the discretion of the
court. There can be no error in refusing to cause such ques-
tions to be tried by jury. The court should exercise dis-

crimination, and only submit questions to a jury where it appears that needed information may be more certainly gained through a jury.  The difference between courts of law and courts of equity in the mode of the production of evidence which once furnished one reason for sending questions of fact to a jury by the latter no longer exists with us.  On the trial of questions of fact before the court, whether in actions at law or suits in equity, the witnesses may be examined and cross-examined orally in the presence of the court.

Of course, such of the questions of fact involved in the trial of the cause as are not submitted to a jury are reserved for trial by the court.  The jury should not be sworn, as it was in this case, to try the matters in issue between the parties; it should be sworn to try the questions submitted to it. The questions are not sent, as formerly, to another court presided over by another judge, or to another side of the same court, but they are submitted by the judge who desires the information to a jury in the court over which he presides. The court thus hears the evidence heard by the jury.  If there be other questions of fact involved in the trial of the cause than those so submitted to the jury, the court may hear the evidence thereon and try them at the same time, or at another time.

Upon the trial before the jury the same rules as to the introduction of evidence apply as in other trials by jury, and the rules of practice in relation to the giving of instructions to the jury and the tendering by the parties of instructions are applicable; and exceptions to the admission or exclusion of evidence and the giving or refusing of instructions must be saved in the same manner as in other cases.

As the court is not bound to submit any questions to the jury, so it is not bound by the answers of the jury.  The court may adopt or reject all or any of the answers, and make, upon the evidence, its own conclusion upon the questions submitted to the jury.  The cause does not come on for hearing, either

interlocutory or final, in the technical sense in which that word is used in courts of equity.

The rules of the code for the formation of issues are the same in actions at law as in suits in equity. The judicial examination of an issue of fact or of law in an action is a trial. R. S. 1881, section 517. On the trial pleadings sworn to by either party can not be deemed proof of the facts alleged therein, or require other or greater proof on the part of the adverse party than those not sworn to, except as otherwise provided by law. R. S. 1881, section 360. The examination made upon an application for a restraining order or a temporary injunction is a hearing (R. S. 1881, section 1150, *et seq.*), but the examination made for the decision of the issues in an action for a perpetual injunction is a trial.

As the submission of questions of fact to the jury is within the discretion of the court, and it may adopt or reject any or all the answers of the jury, as it may deem them reliable or unreliable as means of information, it must be within the discretion of the court whether it will again submit those questions to a jury upon an application by a party. The trial has not ended until the court has made its finding upon the issues on trial. It is not necessary for the court to state its finding, except generally, for the plaintiff or defendant, unless one of the parties request the court to state the facts in writing and the conclusions of law thereon. R. S. 1881, section 551.

Such a special finding is appropriate to such a case. It would indicate how far the court adopted, and how far it rejected, the conclusions reached by the jury.

The provisions of the code concerning new trials have reference to new judicial examinations of issues of fact. The motion for a new trial is to be made after, and not before the verdict or finding. The motion has reference to the former trial as a whole. Errors committed upon the trial of questions of fact before a jury in a suit in equity may constitute cause for a new trial, so far as the finding of the court has been af-

fected thereby.    Whether the giving of an improper instruction to the jury, or the refusal to give a proper one, would be cause for a new trial in such a case, would perhaps depend on whether the conclusion reached by the jury was adopted by the court.

If the finding of the court were upon evidence introduced at the trial before the jury, the improper admission or rejection of evidence, or the fact that the finding of the court was not sustained by sufficient evidence, would be ground for a new trial, whether the conclusion of the jury were adopted or not.

It may be proper to remark, especially in view of the apparent purpose of the appellant in a portion of his argument, that this court will not, in equity cases, review the evidence for the purpose of determining the preponderance thereof, where there has been conflicting testimony, whether questions of fact have been tried by jury in such cases or not. The rule in this regard is the same in such cases as in actions at law in this State. Upon the subject of the trial by jury of questions of fact in suits in equity, see *Waterman* v. *Dutton,* 5 Wis. 413; *Church* v. *Freeman,* 16 How. Pr. 294; *O'Brien* v. *Bowes,* 4 Bosw. 657; *Forrest* v. *Forrest,* 25 N. Y. 501; *Farmers, etc., Bank* v. *Joslyn,* 37 N. Y. 353; *Birdsall* v. *Patterson,* 51 N. Y. 43; *Vermilyea* v. *Palmer,* 52 N. Y. 471; *Moore* v. *Metropolitan Nat'l Bank,* 55 N. Y. 41; *Brinkley* v. *Brinkley,* 56 N. Y. 192; *Evans* v. *Nealis,* 87 Ind. 262; *Ketcham* v. *Brazil Block Coal Co.,* 88 Ind. 515; *Lake Erie, etc., R. W. Co.* v. *Griffin,* 92 Ind. 487; 1 Van Santv. Eq. Pr. 508; Mit. & T. Pl. and Pr. in Eq. 464.

The practice in this State will be peculiar so far as our statute providing for such trials by jury is peculiar, and so far as the former chancery practice may be controlled and modified by the peculiar provisions of our code.

Of the motion referred to in the second specification of the assignment of errors, if it be entitled to consideration, not being in a bill of exceptions, it may be said that it was not adapted to raise any question for review here. It, in effect,

Pence *v.* Garrison *et al.*

asked the court to disregard the findings of the jury. A proper course to raise the questions which it was the apparent intention to present here by the second and fifth specifications of the assignment of errors, was to request a special finding by the court. Then, for error in the finding of facts a motion for a new trial would have lain, and an exception to the conclusion of law would have raised the question whether, upon the facts found, an injunction should have been granted. There was no error in overruling the motion for a new trial. Whether any grounds for a new trial existed and were stated in the motion we do not examine. The motion was made before there had been any finding by the court. Doubtless, if the court be dissatisfied with the answers of the jury, it may submit the questions to another jury, but any application to the court to do so must be regarded as addressed to the discretion of the court, and a refusal to so re-submit such questions, or to grant a new trial of the questions as such, would not be available on appeal as error. The only motion for a new trial in such a case, the overruling of which may be assigned here as error, is one made after the finding, and having reference to the former trial as a whole.

The only one of the three motions to modify the judgment urged is one which asked the court to modify the judgment in this, viz.: "That said defendant be permitted to dig his said ditch up to the west side of the rim on the west side of the prairie on his land."

The judgment did not prohibit him from so digging his ditch, and he had no right to obtain through the judgment in this proceeding affirmative permission to dig any ditch.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at appellant's costs.

Filed Jan. 30, 1884.