Jennings, Guardian, *v.* Durham *et al.*

No. 11,337.

JENNINGS, GUARDIAN, *v.* DURHAM ET AL.

PRACTICE.—*Bill of Exceptions.*—Where it affirmatively appears in the body of a bill of exceptions that evidence was given on the trial which is not contained in the bill, the general recital that "this was all the evidence given in the cause" will not control.

SAME.—*Equity Cases.*—*Effect of Answers of Jury to Interrogatories.*—The court is not bound by the answers of the jury to interrogatories submitted to them in cases of equitable cognizance.

From the Clay Circuit Court.

*D. R. Eckles, J. J. Smiley* and *W. G. Neff,* for appellant.

*D. E. Williamson* and *A. Daggy,* for appellees.

| 101 | 391 |
| 130 | 428 |
| 101 | 391 |
| 142 | 441 |
| 101 | 391 |
| 146 | 114 |
| 147 | 301 |
| 101 | 391 |
| 150 | 90 |
| 152 | 318 |

ELLIOTT, J.—The appellees vigorously insist that the evidence is not all in the record, and upon an examination of the bill of exceptions we find that they are correct in affirming that it does not contain all of the evidence. There are more than ten statements in the bill of exceptions, that items of evidence were introduced, followed by statements showing that these items are not contained in the bill of exceptions. We are compelled by the long settled rule of the court to hold that notwithstanding the general statement in the bill of exceptions, "that this was all the evidence given in the cause," the evidence is not all in the record. *Collins* v. *Collins,* 100 Ind. 266 ; *Fellenzer* v. *Van Valzah,* 95 Ind. 128, and authorities cited.

The case before us is one requiring that all the evidence should be in the record, for, in the absence of the evidence, we can not determine that there was error in the decision of the trial court upon the appellant's motion for a new trial, The presumption is in favor of the judgment of the lower court, and the party who alleges error must present such a record as affirmatively shows that its rulings were wrong.

The only error properly assigned is that the court erred in overruling the motion for a new trial, and as the question whether the decision of the court was right or wrong de-

392 SUPREME COURT OF INDIANA,

The Phenix Ins. Co. of Brooklyn, N. Y., v. The U. M. L. Ins. Co. of Maine.

pends upon the evidence, we can not, in the absence of the evidence, review the ruling denying the motion.

The cause was one of equitable cognizance, and the court was not bound by the answers of the jury to the interrogatories submitted to them. In such cases the court has a right to disregard the finding of the jury and determine for itself the case upon the evidence. *Israel* v. *Jackson*, 93 Ind. 543; *Pence* v. *Garrison*, 93 Ind. 345; *Lake Erie, etc., R. W. Co.* v. *Griffin*, 92 Ind. 487.

Parties can not make questions in this court respecting the procedure on the trial not made in the court below. As no question was there made upon the action of the court disregarding the finding of the jury, none can be made here.

Judgment affirmed.

Filed April 4, 1885.