Carr *et ux. v.* Haskett *et al.*

No. 12,471.

CARR ET UX. *v.* HASKETT ET AL.

TRIAL.— *Equity Cases.— Verdict.— Judgment.—Supreme Court.— Practice.*—
Although a case is one of exclusive equitable jurisdiction, yet, where it
is tried by a jury, and judgment is rendered in accordance with the ver-
dict, the Supreme Court, on appeal, has no power to disregard the verdict,
and, looking to the evidence, render such a judgment as the facts may
warrant.

From the Howard Circuit Court.

*C. N. Pollard* and *A. N. Grant,* for appellants.

*G. H. Gifford, J. N. Waugh* and *J. P. Kemp,* for appellees.

HOWK, J.—In this case, appellees Emily Haskett and
Elisha, her husband, sued appellants Henry Carr and Eliza-
beth, his wife, the father and mother of appellee Emily, in
a complaint of three paragraphs. In the first paragraph,
appellees alleged that, on September 27th, 1867, appellant
Henry Carr was appointed guardian of the person and estate
of appellee Emily Haskett, then Emily Davis; that appellee
Emily was then receiving an annual pension of $120 from
the United States government, and had thus received, in
1869, the sum of $180, of which sum appellant Henry Carr
invested $150 in the purchase of the northwest quarter of
the southwest quarter of section 22, township 22, range 4
east, in Tipton county, Indiana, and caused the same to be
conveyed to appellant Elizabeth Carr, his wife; that appel-
lant Henry Carr, as such guardian, had also received and
had in his hands the sum of $1,500, belonging to appellee
Emily, which was then due her and wholly unpaid; that
such sum of money came from the aforesaid pension and in-
terest thereon, and from the rents and profits of such real
estate received by Henry Carr, since the purchase thereof;
and that the annual rents of such real estate were of the
value of $150. And appellees further alleged that, on
March 26th, 1879, appellant Henry Carr purchased an-
other tract of land, described as the northeast quarter of

the southwest quarter of section 21, township 22, range 4 east, in Tipton county, and for the purpose of cheating, defrauding and hindering his creditors, and especially appellee Emily, placed the title thereof in the name of appellant Elizabeth, his wife; that the entire consideration paid for the last tract of land came from appellant Henry Carr, his wife, Elizabeth, taking the conveyance thereof as a mere volunteer, and paying nothing therefor to him or to any one else; that at the date of the conveyance of the last described tract of land, and long before and since that date, appellant Henry Carr had been and was notoriously insolvent aside from such lands, and he had not at the date of such conveyance, nor at any time since, property enough exclusive of such lands to pay all his debts. Wherefore appellees asked that the title to the real estate first described should be quieted in appellee Emily Haskett, that she recover judgment for $3,500, and that the conveyance of the tract of land last described be set aside, and the land subjected to sale for the payment of such judgment, and for all proper relief.

In the second paragraph of their complaint, appellees alleged substantially the same facts as those stated in the first paragraph, except that the second tract of land is described in the second paragraph as the northeast quarter of the south- *east* quarter of section 21, township 22, range 4 east, and except also that appellees did not aver in such second paragraph, that any of Emily Haskett's money was used by Henry Carr in the purchase of either tract of land, nor did they seek to recover any rents and profits; but they alleged that Henry Carr was indebted to Emily Haskett, on account of her pension money, in the sum of $1,600; that the tracts of land, described in such second paragraph, were purchased and paid for by Henry Carr out of his own means; and that, for the purpose of cheating and defrauding his creditors, and, especially, Emily Haskett, he procured and caused the convey-

ances of both tracts of land to be made to his wife and co-appellant, Elizabeth Carr.   Wherefore, etc.

In the third paragraph of their complaint, appellees alleged substantially the same facts as were stated in the second paragraph, but in different order and phraseology.

The cause was put at issue and tried by a jury, and a verdict was returned in the words and figures following, to wit: "We, the jury, find for the plaintiff, Emily Haskett (*nee* Davis), and assess her damages at $1,100; and we further find that the following lands should be subjected to the payment of Emily Haskett's (*nee* Davis) debt, to wit: The northwest quarter of the southwest quarter of section 22, township 22, range 4 east, in Tipton county, Indiana, and the northeast quarter of the southwest quarter of section 21, township 22, range 4 east, in Tipton county, Indiana." Over the joint and separate motions of the appellants for a new trial, the court rendered judgment against them, in favor of appellee Emily Haskett, upon and in accordance with the verdict.

In this court, the only error relied upon in argument, by appellant's counsel, for the reversal of the judgment below, is the overruling of the motions for a new trial.

A number of causes for a new trial were assigned by appellants, in their motion therefor, but of these we will consider such only as their counsel have discussed in their elaborate brief of this cause.   Counsel first insist very earnestly, that the verdict of the jury was contrary to, and was not supported by, the evidence in the cause.   It is true no doubt, and is admitted, indeed, by appellees' counsel, that there is no evidence whatever in the record which sustains the verdict as to the second parcel of real estate therein described.   Upon this point, appellees' counsel ask: "Has not the court the right to correct the verdict, where it is apparent that there is a clerical error?"   Possibly, the trial court might correct a verdict before the discharge of the jury; but, certainly, this court has no such power, even as to what might seem to be a "clerical error," which is hardly

this case. For here the verdict follows one paragraph of the complaint, and, in turn, is followed by the judgment, in each of which appears the same so called "clerical error."

Appellees' counsel further say : "Again, this is an equitable case, and the court can wholly disregard the verdict of the jury, and make its judgment as the facts warrant." If it be true, as counsel claim, that "this is an equitable suit," and one that, "prior to the 18th day of June, 1852, was of exclusive equitable jurisdiction," it is equally true, without doubt, that the court below might have wholly disregarded the verdict of the jury, and rendered its judgment and decree upon such facts as the court itself might have found. Section 409, R. S. 1881; *Hendricks* v. *Frank,* 86 Ind. 278 ; *Lake Erie, etc., R. W. Co.* v. *Griffin,* 92 Ind. 487; *Israel* v. *Jackson,* 93 Ind. 543.

But the court below did not exercise its equitable powers in this regard; on the contrary, it is clearly shown by the record of this cause, that the court strictly pursued the verdict of the jury, and thereupon, and in accordance therewith, rendered its judgment and decree. In this state of the record, it is very clear, as it seems to us, that we have no power, and it is no part of our duty if we had the power, to disregard the verdict of the jury and endeavor to ascertain the facts from the evidence appearing in the record, and to render here such judgment and decree as, in our opinion, such facts might warrant. If that is what appellees' counsel expect us to do, in the case in hand, as their line of argument here seems to suggest, we can only say, as we have already said, that we have no power, and, we think, it is not our duty, to do what is thus expected of us.

We fully concur with appellants' counsel in the opinion that the verdict of the jury, in the case under consideration, is not sustained by sufficient evidence. Other alleged errors are discussed at length, in appellants' brief of this cause, but as the conclusion we have reached, in regard to the insufficiency of the evidence to sustain the verdict, will necessarily

result in the reversal of the judgment, we need not extend this opinion in the examination of such other errors, or in the decision of the questions thereby presented. These other errors are predicated chiefly upon the instructions, twenty-five in number, given by the court of its own motion to the jury trying the cause. While it is possible, yet it is hardly probable, that these instructions will be repeated even substantially on a new trial of this case, and, therefore, we need not now consider these instructions.

We are of opinion that the court erred in refusing appellants a new trial.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the motion for a new trial, etc.

