HORNBROOK v. POWELL ET AL.

[No. 17,969.   Filed October 1, 1896.]

HARMLESS ERROR.— *Jury in Cause Triable by Court.*—Where in an action on notes, and to set aside a conveyance as fraudulent, triable by the court, and the jury, called to determine certain questions of fact, were instructed to return a general verdict as to the notes, instead of being directed to find on the particular questions of fact, and the court disregarded the verdict of the jury, the error was harmless.

SAME.—*Swearing of Jury in Cause Triable Only by Court.*—Where in an action, triable only by the court, a jury is called to determine certain questions of fact, and are erroneously sworn to "well and truly try the cause now in hearing," etc., and the court in rendering judgment disregards the verdict of the jury, and makes a finding for itself on every question, the error, if any, is harmless.

From the Warrick Circuit Court. *Affirmed.*

*S. R. Hornbrook*, for appellant.

*Hatfield & Hemenway* and *F. H. Hatfield*, for appellees.

MCCABE, J.—This was a suit founded on two promissory notes, alleged to have been executed by appellee, William Powell, to appellant, and to set aside an alleged fraudulent conveyance of real estate to the appellees, William Powell and Lizzie Powell, his wife, as tenants by entireties.   A trial of the issues resulted in

a finding for the plaintiff as to the notes sued on and interest in the sum of $206.94 and $20.00 attorneys' fees, and a finding against the plaintiff as to the alleged fraudulent conveyance, on which finding the court rendered judgment over the plaintiff's motion for a new trial.

Overruling the latter motion is the error assigned.

The ground on which it is contended that the motion for a new trial ought to have been sustained, as stated therein, is that "the court submitted the issues as to the notes to the jury, and they were sworn to try the case as in an action at law."

Under our statute the issues formed upon the complaint were such as are triable by the court without a jury. Section 412, Burns' R. S. 1894 (409, R. S. 1881); Israel v. Jackson, 93 Ind. 543; Hendricks v. Frank, 86 Ind. 278. The latter part of the section of the statute above referred to empowered the court in its discretion and for its information to submit any question of fact to a jury.

The jury were sworn, over appellant's objection, to "well and truly try the cause now in hearing," etc. The court directed the jury "to find a verdict only upon the issues joined in regard to said promissory notes and answer two interrogatories" submitted by the court. The verdict, interrogatories, and answers thereto are as follows: "We, the jury, find for the plaintiff against William Powell, and assess the plaintiff's damages at the sum of $206.94 and $10.00 attorneys' fees.        CONSTANTINE HIEUR, Foreman."

Interrogatories: "Was the defendant, William Powell, indebted to his wife for money borrowed from her on the 25th day of May, 1894, when the deed from Mrs. Baker was made to Powell and his wife? Answer. Yes.

"If he was indebted to her was the deed made to

himself and his wife, by his direction, in consideration and payment of such indebtedness? Answer. Yes."

And then the record reads: "And having heard the evidence and argument of counsel, and being sufficiently advised by the verdict and answers to interrogatories returned by the jury, and being in all things sufficiently advised in the premises, the court finds there is due the plaintiff on the notes mentioned in his complaint the sum of $206.94, balance of principal and interest, and the further sum of $20.00 attorney's fees, and on the issue as to whether the lands described in the complaint were fraudulently conveyed to the defendants as tenants by the entireties, the court finds for the defendants."

Then the judgment follows upon this finding.

The answer was, 1, general denial; 2, want of consideration as to the notes sued on, and 3, in confession and avoidance as to the notes sued on.

There are in this record two irregularities complained of. One in swearing the jury to try the case generally, instead of swearing them to try such particular questions of fact as the court for its information might submit to them. *Lake Erie, etc., R. W. Co.* v. *Griffin,* 92 Ind. 487. The other was in directing the jury to return a verdict as to the notes. It should have been directed to find upon such particular questions of fact concerning the notes as the court should have specifically directed, instead of directing them to find a verdict as to such notes.

In such case the jury cannot try the case generally, but it must be tried by the court, and the court must make its own finding. *Lake Erie, etc., R. W. Co.* v. *Griffin et al, supra; Pence* v. *Garrison et al.,* 93 Ind. 345; *Israel* v. *Jackson et al., supra.* The court did make a finding on every question for itself. The court practically disregarded the verdict the jury returned as to the

notes and made a different finding of its own, because the jury found for the plaintiff $206.94 and $10.00 attorneys' fees, while the court found there is due the plaintiff on the notes mentioned $206.94 and $20.00 attorneys' fees.

The case of *Israel* v. *Jackson et al., supra,* was held to be one of exclusive equitable cognizance prior to the code in which the court must try the case, though it might call a jury for its information. After hearing all the evidence in that case, the court discharged the jury without allowing them to make any finding, and the court found for the defendant. This was complained of as error. The court there said: "This suit being in its legal effect an action for relief against an alleged series of fraudulent practices, would have been, prior to the 18th day of June, 1852, a matter of exclusively equitable jurisdiction. Consequently whether any of the questions of fact presented in the cause should be sent to a jury for trial rested entirely in the discretion of the circuit court. For the same reason any verdict which the jury might have returned would only have been for the information of the court and not obligatory upon it, in the final disposition of the cause. The court, therefore, in the exercise of a sound discretion, could have disregarded any verdict which the jury might have rendered in the cause. This is the construction which we have several times placed upon the section of the code set out as above. *Hendricks* v. *Frank,* 86 Ind. 278; *Lake Erie, etc., R. W. Co.* v. *Griffin, et al.,* 92 Ind. 487; *Carmichael* v. *Adams,* 91 Ind. 526; *Pence* v. *Garrison,* 93 Ind. 345."

The effect of the action of the court in this case in disregarding the verdict of the jury as to the notes upon the rights of the appellant, are no greater than if the court had, at the conclusion of the evidence,

without permitting them to make any finding upon that question, discharged the jury. That is practically in effect what the court did as to that part of the finding of the jury. The irregularity, if it was an irregularity, of directing them to return a verdict as to a part of the case did not harm appellant, especially as he is not claiming that the court's finding upon that branch of the case was not sustained by the evidence.

While it is true that the jury cannot render a binding verdict in such a case as this, neither is it true that their verdict did bind the court, but on the contrary the court disregarded it. It is also true that the jury ought not to be sworn to try the case generally as they were sworn, but should be sworn to try such particular questions of fact as the court might submit to them. *Israel* v. *Jackson, supra; Hendricks* v. *Frank, supra; Lake Erie, etc., R. W. Co.* v. *Griffin, supra; Carmichael* v. *Adams, supra; Pence* v. *Garrison, supra.*

But an oath administered, as the one was in this case, has always been held sufficient to make the answers to interrogatories by the jury valid in other cases without being specially sworn to try the particular questions of fact embraced in such interrogatories. Besides, there is no claim made that the failure to swear the jury to try the particular questions of fact submitted to them by the interrogatories in this case in any way harmed the appellant.

We conclude that both irregularities were harmless, and therefore not material error. The circuit court did not err in overruling the motion for a new trial.

The judgment is affirmed.