[No. 1877]

In the Matter of the Application of JOHN PROSOLE
for Writ of Habeas Corpus.

1. Statute—Construction—Intention of the Legislature—Giving Effect
Thereto.
   If the will of the legislature is apparent, the court should give such
   construction to the language of a statute as will give it force, and not
   nullify its manifest purpose.

2. Arson—Burning Insured Property—Punishment.
   Section 4711 of the Compiled Laws designates certain acts as con-
   stituting arson in the second degree, and prescribes the punishment
   thereof, and section 4712 prescribes that one wilfully burning insured
   property to injure or defraud "shall be adjudged guilty of arson in the
   second degree and punished accordingly." *Held*, that the words quoted
   refer to and are intended to supply the same punishment provided for
   that offense in the preceding section.

3. Statutes—Construction—Statute as a Whole.
   It is elementary that effect must be given, if possible, to every
   word, clause, and sentence of a statute by construing it so as to make
   all parts harmonize with each other, and render them consistent with
   its general scope and object.

4. Statutes—Construction—Statute as a Whole.
   All parts of the same act must be considered together, and if one
   part, standing alone, is obscure, its meaning may be disclosed by
   another, and consideration of the entire act may expand or restrict
   the terms of a particular clause.

5. Statutes—Construction—Intent of Legislature.
   In construing all statutes, the object is to ascertain the legislative
   intent, and words must not be narrowed to exclude what it was
   intended to embrace, but the intent must be gathered from the words,
   and they must be such as to leave no room for reasonable doubt on
   the subject, and it must not be defeated by a forced and overstrict
   construction.

6. Statutes—Construction—Intent of Legislature.
   The rule of strict construction of penal statutes is not violated by
   permitting words to have their full meaning, or the more extended of
   two meanings, as the wider popular instead of the narrow technical
   one; but the words should be taken in such sense as will best manifest
   the legislative intent.

Original proceeding. In the matter of the application of
John Prosole for a writ of *habeas corpus* to obtain release from
imprisonment. **Petition denied.**

The facts sufficiently appear in the opinion.

*A. N. Salisbury* and *G. W. Shutter-Cottrell*, for Petitioner.

*R. C. Stoddard*, Attorney-General, and *L. B. Fowler*, Deputy Attorney-General, for Respondent.

By the Court, TALBOT, J.:

Petitioner was indicted by the grand jury of Washoe County for the crime of arson in the second degree, and charged with maliciously and feloniously setting fire to and burning certain goods, wares, and merchandise situated in a building in Reno which were insured with the Globe and Rutgers Fire Insurance Company of the City of New York in the sum of $3,000 against loss by fire, with intent to defraud that company. Trial was had, and the jury brought in a verdict finding him guilty as charged in the indictment, and the court rendered judgment finding him guilty of the crime of arson in the second degree, and ordering that he be punished therefor by imprisonment for a term of four years in the state prison, to which place he was committed, and where he now languishes.

The indictment, trial, and conviction were under section 4712 of the Compiled Laws, being section 58 of the act relating to crimes and punishments: "Every person who shall wilfully burn, or cause to be burned, any building, or any goods, wares, merchandise, or other chattel, which shall be at any time insured against loss or damage by fire, with intent to injure or defraud such insurer, whether the same be the property of such person, or of any other, shall, upon conviction, be adjudged guilty of arson in the second degree, and punished accordingly." It is alleged that he is unlawfully restrained of his liberty because the district court "acted wholly without jurisdiction in passing judgment upon this petitioner and in sentencing and ordering him to be confined in the Nevada state prison, as aforesaid, for the reason that said section 4712 provides no punishment for the crime charged in the indictment against petitioner and for the charge upon which this petitioner was tried and convicted as aforesaid, and for the reason that the laws of the State of Nevada provide no punishment for the offense charged in the said indictment against this petitioner, and for which petitioner was tried and convicted and sentenced."

Has the legislature designated any punishment for the crime for which he was indicted and convicted? Section 4710 of the Compiled Laws provides that every person who shall wilfully and maliciously burn, in the nighttime, any dwelling-house in which there shall be some human being, shall be deemed guilty of arson in the first degree, and shall be punished by imprisonment for not less than two years, and which may extend to life. Section 4711, which directly precedes the one assailed by petitioner, provides that every person who shall wilfully and maliciously burn any dwelling-house, or cause to be burned any kitchen, office, shop, barn, stable, storehouse, warehouse, or other building, or stacks or stocks of grain, hay, cordwood, lumber, or other designated property of the value of $50 or more, "shall be deemed guilty of arson in the second degree, and upon conviction thereof shall be punished by imprisonment in the state prison for a term not less than one year nor more than ten years; and should the life or lives of any person or persons be lost in consequence of such burning, as mentioned in this and the preceding section, such offender shall be deemed guilty of murder, and shall be indicted and punished accordingly."

If the will of the legislature is apparent, it is the duty of the court to give effect to its intention, and such construction should be placed upon the language of the statute as will give it force and not nullify the manifest purpose of that section, which should be construed in connection with the preceding one. We are unable to conclude otherwise than that by designating in section 4711 that certain acts shall constitute arson in the second degree, and that persons convicted thereof shall be punished by incarceration in the state prison for a term not less than one nor more than ten years, it was, by the provision in the following section that "every person who shall wilfully burn any building, any goods, wares or merchandise, which shall be at the time insured against loss or damage by fire, with intent to injure or defraud such insurer, whether the same be the property of such person or any other, shall, upon conviction, be adjudged guilty of arson in the second degree and punished accordingly," the intention of the legisla-

ture to make persons committing the acts last designated guilty of arson in the second degree, the same as if these acts had been specified in the previous section among those constituting that crime as there designated, and that the words "shall be adjudged guilty of arson in the second degree and punished accordingly" refer to, and are intended to supply, the same punishment which is provided for that offense in the preceding section, as clearly and fully as if the last section had repeated the language of the former one, providing that offenders upon conviction "shall be punished by imprisonment in the state prison for a term not less than one nor more than ten years." Any other construction would nullify section 4712 entirely and set aside the evident intention of the legislature contrary to the ordinary rules for construing statutes.

The language assailed and the provision for punishment for the crime of arson in the second degree are the same in sections 4711 and 4712 of our Compiled Laws as in the California statute of 1856 (Cal. Stats. 1856, p. 132; Woods's Digest 1856–1860, 336). In *People* v. *Hughes*, 29 Cal. 257, an indictment and conviction for arson in the second degree for burning an insured building with intent to defraud the Hartford Insurance Company was sustained under the section of the statute corresponding to the one under which petitioner was convicted. It was sought to reverse the judgment of the trial court there on other grounds.

In *Davis* v. *State*, 51 Neb. 318, 70 N. W. 990, it was said: "A criminal statute is not void for uncertainty which prescribes as a punishment for the doing of a certain act the same punishment that is prescribed for doing another-named act, when the same criminal code defines the latter act and prescribes its punishment."

As quoted by the Supreme Court of Alabama from Marshall, C. J., in *U. S.* v. *Wiltberger*, 5 Wheat. 76 (5 L. Ed. 37): "It is the legislature, not the court, which is to define a crime and ordain its punishment. Though penal laws are to be construed strictly, they are not to be construed so strictly as to defeat the obvious intention of the legislature; nor is the maxim to be so applied as to exclude from the operation of

the statute cases which the words in their ordinary accepta-
tion, or in that sense in which the legislature obviously used
them, would comprehend."

In *Huffman* v. *State*, 29 Ala. 44, the court said: "While we
disclaim the right to extend a criminal statute to causes out
of the letter, yet we hold it to be our duty to apply it to every
case clearly within the cause or mischief of making it, when
its words are broad enough to embrace such case." (*Walton* v.
*State*, 62 Ala. 199.) The same language was quoted and
adopted in *Holland* v. *State*, 34 Ga. 457; and it was further
stated that the intention of the legislature is to be collected
from the words it employs, and that the construction con-
tended for would render nugatory clauses embraced in the
penal code. In *U. S.* v. *Athens Armory*, 35 Ga. 351, Fed. Cas.
No. 14,473, it was said: "But, notwithstanding the rule that
in statutes of this kind the intention is to be attained by
strict interpretation, it is nevertheless the duty of the judge
to give full expression to the legislative will, * * * 'to
ascertain which will,' says Bishop (1 Crim. Law, sec. 231), 'is
the great end of all interpretation.' (*United States* v. *Eighty-
Four Boxes of Sugar*, 7 Pet. 453, 8 L. Ed. 745; *The Schooner
Enterprise*, 1 Paine, 32, Fed. Cas. No. 4,499; *United States* v.
*Wigglesworth*, 2 Story, 369, Fed. Cas. No. 16,690; *Taylor* v.
*United States*, 3 How. 197, 11 L. Ed. 559; *Attorney-General*
v. *Radloff*, 10 Exch. 84; per Gould, J., in *Myers* v. *State*, 1 Conn.
502.)"

The following is a paragraph from *Meadowcroft* v. *People*, 163
Ill. 70, 45 N. E. 306 (35 L. R. A. 176, 54 Am. St. Rep. 447):
"It is urged that the statute is penal, and must therefore be
strictly construed. But the rule of strict construction does not
prevent our calling in the aid of other rules and giving to each
its appropriate scope; the ascertainment of the legislative will
being the primary consideration after all. (Bishop on Stat.
Crimes, sec. 200.) A strict construction is not violated by
giving the words of a statute a reasonable meaning, according
to the sense in which they were intended, and disregarding
captious objections, and even the demands of an exact gram-
matical propriety. (Id. sec. 212.) And a statute which is
made for the good of the public ought, although it be penal,

to receive an equitable construction. (6 Bacon's Abr. 391; *People* v. *Bartow*, 6 Cow. 290.)"

The rule for the interpretation of criminal statutes has also been well defined in the following cases: "It is an elementary. rule of construction that effect must be given, if possible, to every word, clause, and sentence of a statute. In other words, a statute must receive such construction as will make all its parts harmonious with each other, and render them consistent with its general scope and object. (*Follmer* v. *Nuckolls County*, 6 Neb. 204; *State* v. *Babcock*, 21 Neb. 599, 33 N. W. 247.) If we apply the foregoing rule in the interpretation of the law under consideration, it is not a difficult task to ascertain the legislature's intent." (*State* v. *Bartley*, 39 Neb. 358, 58 N. W. 174, 23 L. R. A. 67.) "Another rule controlling the interpretation of statutes is that all the parts of the same act must be considered together, and if one part, standing by itself, is obscure, its meaning may be disclosed by another part of the same statute. The consideration of the entire act may expand or restrict the terms of some particular clause." (*State* v. *Myers*, 146 Ind. 38, 44 N. E. 802.) "The object in construing penal, as well as other statutes, is to ascertain the legislative intent. That constitutes the law. If the language be clear, it is conclusive. There can be no construction where there is nothing to construe. The words must not be narrowed to the exclusion of what the legislature intended to embrace; but that intention must be gathered from the words, and they must be such as to leave no room for a reasonable doubt upon the subject. It must not be defeated by a forced and overstrict construction. The rule does not exclude the application of common sense to the terms made use of in the act in order to avoid an absurdity, which the legislature ought not to be presumed to have intended. * * * The proper course in all cases is to adopt that sense of the words which best harmonizes with the context, and promotes in the fullest manner the policy and objects of the legislature. The rule of strict construction is not violated by permitting the words of the statute to have their full meaning, or the more extended of two meanings, as the wider popular instead of the narrow technical one; but the words should be taken in such a sense, bent neither one

way nor the other, as will best manifest the legislative intent."
(*U. S.* v. *Hartwell*, 6 Wall. 395, 18 L. Ed. 830.)

The petition for the applicant's release is denied.