MODERN WOODMEN OF AMERICA v. ANNIE L. BAUERSFELD.

**No. 11,742.** (62 Pac. 1012.)

LIMITATION OF ACTION — *Certificate and Statute Construed.* Where a benefit certificate issued by a fraternal insurance association provides that an action thereon must be brought within one year from the death of the insured, a suit in which the petition was filed before but the summons was not issued and served until after the expiration of the year cannot be maintained. Nor will a subsequent by-law providing for a new form of certificate and extending the period of limitation authorize its maintenance.

Error from Coffey district court; W. A. RANDOLPH, judge. Opinion filed December 8, 1900. Reversed.

*Joe Rolston*, and *J. W. White*, for plaintiff in error.
*Madden Bros.*, for defendant in error.

*Per Curiam:* The defendant in error sued the plaintiff in error upon a benefit certificate issued on the life of F. S. Bauersfeld, and recovered judgment in the court below. A clause in the benefit certificate read: "No action can or shall be maintained on this certificate unless brought within one year from the date of the death of said neighbor." The holders of certificates in the society are called "neighbors." On March 11, 1898, F. S. Bauersfeld died. On March 7, 1899, the defendant in error filed her petition on the contract of insurance. Summons, however, was not issued in the action until March 14, nor served until March 17. Was the action commenced in time? Clearly not. By the clause of the benefit certificate above quoted, the insured and his beneficiary were bound to the commencement of an action in manner and form specified in the statute. The parties speci-

fied a shorter period than the statutory limitation for the commencement of an action, but as to what the statute deems the commencement of an action they made no change.

The civil code, section 20 (Gen. Stat. 1897, ch. 95, § 14; Gen. Stat. 1899, § 4264), reads: "An action shall be deemed commenced within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant who is a joint contractor, or otherwise united in interest with him." The civil code, section 57 (Gen. Stat. 1897, ch. 95, § 52; Gen. Stat. 1899, § 4303), reads: "A civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon." There is no conflict between these sections. The one last quoted provides how an action may be commenced and relates to the manner of commencement. The one first quoted declares when it shall be deemed commenced and relates to the time of commencement. It shall be deemed commenced at the date of the summons which is served upon the defendant. As above stated the parties contracted to adopt this statute, except as to the time of commencement. Instead of allowing five years or other period they agreed on one year.

The defendant in error contends that the contractual period of limitation for the commencement of the action was changed subsequently to the issuance of the benefit certificate by the adoption of a by-law providing a new form of certificate. A clause in the new form of certificate reads: "No action can or shall be maintained on this certificate until after the proof of death and claimant's right to benefits, as provided for in the by-laws of this society, have been filed with

the head clerk and passed upon by the board of trustees, nor unless brought within one year from the date of such action by said board.'' The benefit certificate was issued in 1896. The above-mentioned by-law was adopted in 1897. The death occurred in 1898. The action was brought within one year of the time the board of trustees passed on and rejected the claim, so that if the by-law could be given a retroactive effect the action was brought within time. It cannot, however, be given such effect. The by-law prescribed only a new form of certificate, and it related only to future contracts of insurance. We are unable to regard the action as commenced within time. The judgment of the court below is therefore reversed, with directions to proceed in accordance with this opinion.