### The Bank of Topeka v. J. T. Clark.
**No. 13,712.**  (77 Pac. 92.)

Error from Shawnee district court; Z. T. Hazen, judge. Opinion filed June 11, 1904.   Affirmed.

*Mulvane & Gault*, and *D. R. Hite*, for plaintiff in error. *Garver & Larimer*, for defendant in error.

*Per Curiam:* The Bank of Topeka sued J. T. Clark and others on a note due February 29, 1891.   The summons served on Clark was not indorsed with the amount for which plaintiff would take judgment in case of default. Clark failed to appear, and judgment for $7458.15 was rendered against him November 16, 1896.   On September 23, 1897, at the request of plaintiff, the court entered an order setting aside the judgment as to Clark on the ground that the summons was void.   On September 13, 1899, the plaintiff applied to the court to set aside its order of September 23, 1897, vacating its judgment against Clark.   This application was denied.   On January 7, 1903, the plaintiff caused an *alias* summons to issue against Clark, which was regularly served.   Numerous proceedings were thereafter had, but in each successive step Clark, by appropriate motions and pleadings, saved whatever right he had under the statute of limitations.   Finally, on June 22, 1903, the court rendered judgment against plaintiff for costs.   To reverse this judgment this proceeding is prosecuted.

The plaintiff's right of action on the note was barred February 20, 1896.   The order of the court of September 23, 1897, setting aside plaintiff's judgment was final and terminated the action, unless set aside on proceedings in error.  (Code, §§ 542, 543; Gen. Stat. 1901, §§ 5019, 5027; *Newberry v. A. K. & C. Rly. Co.*, 52 Kan. 613, 35 Pac. 210.)  No steps were taken to have this order reviewed or set aside.   The failure of the action otherwise than on its merits operated to toll the statute for one year thereafter. Had the *alias* summons been issued within one year from September 23, 1897, the date the judgment was set aside, the statute of limitations could not have been successfully pleaded, but, the same not having been issued until January 7, 1903, the plaintiff lost its right to bring a new action.

The judgment of the court below is affirmed.