THE MISSOURI, KANSAS & NORTHWESTERN RAILROAD
COMPANY V. JAMES MURPHY.

No. 14,073.   (81 Pac. 478.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Petition in Error.* In a proceeding
in error in this court to vacate a judgment of the district
court the petition in error must set forth the errors com-
plained of, as directed by section 544 of the civil code (Gen.
Stat. 1901, sec. 5028), and none other will be considered.

Error from Cherokee district court; THOMAS J.
FLANNELLY, judge.   Opinion filed July 7, 1905.   Af-
firmed.

*T. N. Sedgwick, R. W. Blue, W. W. Brown,* and *Jo-
seph M. Bryson,* for plaintiff in error.

*Sapp & Wilson,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: Failing in its effort to lodge in this court
a case-made showing all the proceedings of the dis-
trict court, the plaintiff in error attached to its peti-
tion in error a transcript of the record.   The transcript
shows no motion for judgment on the pleadings, no
objection to the introduction of testimony under the
pleadings, no ruling upon any such motion or objec-
tion, and no exceptions to any such rulings.   There-
fore, assignments of error numbered one, two and
three cannot be considered.   The propriety of such an
instruction as is referred to in assignment of error
No. 4 cannot be determined without viewing the evi-
dence introduced at the trial, and the transcript con-
tains no bill of exceptions.   Assignments of error Nos.
6, 7, 8, 9 and 10 all require an examination of evidence
which has not been preserved, in order to judge of
their merit.   The argument made in support of as-
signment No. 5 is based upon a consideration of the
instructions to the jury, and their validity cannot be

ascertained without an investigation of proceedings not shown by the transcript.

The answer of the plaintiff in error filed in the district court was denied under oath, and a discussion of its right to .a judgment upon the pleadings would involve an entirely profitless expenditure of time.  True, the court instructed the jury that the case of Pitcher and others against the Missouri, Kansas & Northwestern Railroad Company did not constitute a settlement of the issues in the case now under consideration, but, paraphrasing the brief of plaintiff in error, this court can say that it is evident that somewhere in the case facts supporting the instruction were either admitted by the plaintiff in error or were established in some other way.

After the filing of its original brief in this court the plaintiff in error filed a supplemental brief, raising for the first time in the history of the case, either in this court or in the district court, a question relating to the validity of the selection of the judge who presided at the trial in place of the regular judge, who was disqualified.  The question cannot be considered.

Section 544 of the civil code (Gen. Stat. 1901, §5028) requires that in a proceeding in error in this court the petition in error shall set forth the errors of which complaint is made, whether the purpose be the reversal, vacation or modification of the judgment of the district court.  The petition in error in this proceeding makes no reference whatever to the matter discussed in the supplemental brief; hence, a judgment of vacation upon the ground urged would be purely gratuitous, and without support in the record.

The judgment of the district court is affirmed.

All the Justices concurring.