THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY V. JAMES MURPHY.

No. 14,986   (90 Pac. 290.)

SYLLABUS BY THE COURT.

1. CONDEMNATION PROCEEDINGS—*Railroad Right of Way—Purchaser Pendente Lite.* Where a railroad company institutes a proceeding to condemn land for a right of way and the commissioners appointed to assess. the damages make an award for the land proposed to be so taken, from which the owner appeals, and the railroad company thereupon takes possession of the land and proceeds to construct its railroad, and while the appeal is pending sells its property, rights and franchises to another railroad company, which at once enters upon and uses the land condemned with the intention of permanently using and occupying the same as a right of way, and afterward judgment is entered upon the appeal increasing the award, the judgment so rendered is binding upon the purchasing company, although it was not a party to the appeal; and the landowner may maintain a personal action against it to recover the award so made, and in the action such award is conclusive as to the amount of damages.

2. PRACTICE, SUPREME COURT—*Review of Ruling on a Demurrer —Limitation.* A ruling upon a demurrer made more than a year before the proceeding in error is instituted is not open to review in that proceeding.

3. PETITION—*Construction—Objection to Evidence.* An objection to the admission of any testimony is not the best method of testing the sufficiency of a petition, and upon such objection the court should interpret its allegations very liberally, and sustain the pleading if it can reasonably be done.

4. ——— *Prayer for Relief—Judgment.* In the prayer of a petition there were demands for both specific and general relief, and the fact that a mistake was made in the prayer for specific relief did not prevent the granting of such relief as the allegations of the petition and the circumstances of the case justified under the prayer for general relief.

Error from Cherokee district court; WILLIAM B. GLASSE, judge. Opinion filed May 11, 1907. Affirmed.

*John Madden,* and *W. W. Brown,* for plaintiff in error.

*Sapp & Wilson,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an action by James Murphy against the Missouri, Kansas & Texas Railway Company to enforce an award made in a condemnation proceeding. In August, 1901, the Missouri, Kansas & Northwestern Railroad Company proceeded to condemn a right of way over land which was owned by Murphy and seven other persons, but the award made by the commissioners was unsatisfactory. The owners of the land appealed from the decision, and Murphy, who had a mining lease on the tract, of ten years' duration, and to whom no award was made for his leasehold interest, took a separate appeal. The appeal of the owners was compromised and settled, but it was agreed that it should not affect the rights of the lessee, Murphy. His appeal was perfected in November, 1901, and while the railroad company took immediate possession of the right of way it did not give a bond for the payment of damages and costs to be ultimately awarded, as the statute provides.

A bond of that general character was subsequently given, but not until after the trial was over and judgment had been rendered. While the appeal was pending, and in May, 1902, the Missouri, Kansas & Northwestern Railroad Company sold and transferred its road, right of way, property and franchises to a connecting Missouri corporation, of the same name, and that company at once sold and transferred the same property, rights and franchises to the Missouri, Kansas & Texas Railway Company. This company has occupied and used the right of way since that time, and was in possession of it when the trial on the appeal

was had, in June, 1903. The trial resulted in an award in favor of Murphy of $7000 as damages, and a judgment for costs in the sum of $546.70. The case was brought to the supreme court for review and the judgment of the district court was there affirmed. (*Railroad Co. v. Murphy,* 71 Kan. 674, 81 Pac. 478.) The award and judgment were never paid, and the present action was brought against the Missouri, Kansas & Texas Railway to enforce payment.

The petition contained two counts. The first was in the nature of ejectment, and the second set up the appropriation of the land by the railroad company, the condemnation proceedings, including the award of the commissioners, the appeal of Murphy and the final award by the court, the failure of the company to give a bond binding it to pay damages and costs, the transfer of the railroad and franchises by the condemning company to the defendant company, the occupation of the right of way by the defendant, its failure to pay the award, and, also, that the other companies were mere creatures and instrumentalities of the defendant; and it was then alleged that there were additional damages occasioned by the building of the road, such as the flooding and injuring of the mines, which prevented Murphy from operating them for more than a year. In the prayer for judgment the plaintiff asked for possession of the land; also for damages, and "for such other, further or different relief as to this honorable court may be deemed equitable."

The railroad company challenges the sufficiency of the petition, but as the ruling on the demurrer was made more than a year before the proceeding in error was instituted that ruling is not now open for review. (*Blackwood v. Shaffer,* 44 Kan. 273, 24 Pac. 423; *Corum v. Hubbard,* 69 Kan. 608, 77 Pac. 530; *Milling Co. v. Buoy,* 71 Kan. 293, 80 Pac. 591; *White v. Railway Co.,* 74 Kan. 778, 88 Pac. 54.)

An attack was made upon the petition by an objection to the admission of any testimony, but this is not

the best method of testing the sufficiency of a pleading. Upon such an objection the court interprets its allegations very liberally, and sustains the pleading if it can reasonably be done. (*The State v. School District,* 34 Kan. 237, 8 Pac. 208; *Robbins v. Barton,* 50 Kan. 120, 31 Pac. 686.)

There is a contention that the judgment was rendered on a theory not presented by the pleadings, and that Murphy, by his petition and prayer for relief, asked for the recovery for the real property and then recovered on an award for damages for the occupancy of the same property. The first count, as we have seen, did ask for an eviction from the land, and the court in the early stages of the litigation appears to have proceeded on the theory that the action was ejectment, and awarded the second or new trial upon application. Before the final trial was begun, however, the railroad company attacked the petition on the ground of inconsistency, and the court then required Murphy to elect upon which count of his petition he would rely. He elected to try the case upon the second count, which operated to eliminate the ejectment count, and questions raised on that branch of the case are no longer of any importance.

Under the rule of interpretation previously referred to the second count justified a recovery of the damages awarded. It set forth the proceedings resulting in the award for damages, the purchase of the railroad, and the possession of the right of way by the defendant. These averments, in connection with the prayer for general relief, warranted the judgment that was given. It is true that the prayer of the petition which asked for a recovery of the property was not amended after Murphy elected to try the case upon the second count alone. This oversight is easily understood, and under the circumstances could not have misled the company. Besides, in the opening statement of the case, counsel for Murphy expressly stated that he was claiming the award made in the condemnation proceeding and would

introduce no other evidence of damages than the proceedings and judgment in that case. Notwithstanding there was some surplusage in the second count, and the fact that there was a clause in the prayer asking possession of the condemned land, the right to recover the award was the question in fact tried and determined. As was held in *Hardy v. LaDow,* 72 Kan. 174, 83 Pac. 401:

"The demand of the plaintiff in his petition does not necessarily limit the court in the judgment which it may render. It is the case made by the pleadings and the facts proved, and not the prayer of the pleader, which measures the relief that the court may award." (Syllabus.)

The fact that a mistake was made in the prayer for specific relief did not prevent the granting of such relief as the allegations of the petition and the circumstances of the case justified. There was a prayer for general relief, and under that the judgment actually rendered was authorized.

Since the action may be regarded as one upon the award made in the condemnation proceeding, can there be a recovery against the defendant? It purchased the right of way, the subject of litigation, during the pendency of the proceeding. It took possession of the right of way and declared its intention permanently to occupy and use it, and, of necessity, is bound by the judgment subsequently rendered. The defendant elected to adopt the appropriation of a right of way made by its predecessor, and Murphy elected to submit to the appropriation and to claim the damages awarded. Having adopted the fruits of the litigation in this manner the railway company is bound by the judgment fixing the value of the land appropriated and the amount of damages sustained.

In Indiana a new railroad corporation succeeded to the property, rights and franchises of its predecessor, and elected to adopt an appropriation of land made by the old company by entering upon and occupying the

same for the purposes of its railroad, and it was held that the new company was bound to make compensation to the owner; and, also, that where in appropriation proceedings the value of the land had been determined by a court of competent jurisdiction the new company was concluded by such judgment upon the question of value. (*The Lake Erie and Western Railway Company v. Griffin et al.*, 107 Ind. 464, 8 N. E. 451.) In *Gilman v. The Sheboygan & Fond du Lac Railroad Company*, 40 Wis. 653, a judgment was taken against a railroad for the appropriation of land for a right of way, and was not paid. A mortgage upon the road was foreclosed and the purchasers sold the same to a new company, which continued to operate the road and use the land appropriated, and it was held that, the new company having elected to adopt and ratify the original taking and to use the land for the purposes of its road, the owner was entitled to the damages awarded, or to an injunction against the operation of the road over the land in the event of the non-payment of the judgment against the old company. (See, also, *Western Pennsylvania Railroad Co. v. Johnston*, 59 Pa. St. 290; *Railroad Co. v. Harvey*, 107 Pa. St. 319; *Drury v. Midland Railroad*, 127 Mass. 571; *Ball, etc. v. Maysville & B. S. R. R. Co., etc.*, 102 Ky. 486, 43 S. W. 731, 80 Am. St. Rep. 362; *Organ v. Memphis and Little Rock Railroad Company*, 51 Ark. 235, 11 S. W. 96; *Provolt v. The Chicago, Rock Island & Pacific Railroad Company*, 69 Mo. 633; Mills, Eminent Domain, 2d ed., § 144; 2 Lewis, Eminent Domain, 2d ed., § 621; Randolph, The Law of Eminent Domain, § 296.)

This view of the law can hardly be said to have been a matter of contest in the trial court, as counsel for the railway company stated at the opening of the trial that the company took the railroad encumbered by the award to be made upon the appeal. He did not claim that the company was not liable for the award, but rather that Murphy could not recover the award in an action of ejectment. As the relief sought by Murphy

was the recovery of the damages awarded, and not ejectment, it follows that this objection of the company was groundless. The possession by the railroad company during the appeal was provisional. The condemning company, as well as the purchasing company, took possession of the right of way at the risk of the final award that might be made by the jury on the appeal. By continuing the occupation of the right of way without paying the award the railroad company became a trespasser, and the owner would have been justified in bringing an action of ejectment, or injunction, but he waived his right to retake the land and only insisted on the milder remedy of asking the damages awarded.

It is true, as the railway company contends, that an award of damages in a condemnation proceeding is ordinarily not conclusive upon the company. If the award is deemed excessive the company may decline to take the land and adopt another route. For that reason a judgment *in personam* is not taken in the first instance. Here, however, the railway company exercised its option to hold the land and continue the use of the right of way after the damages had been fixed. It has built its railroad upon, and declares that it has made a permanent appropriation of, the right of way. Having exercised its option and appropriated the land its liability for the award becomes absolute, at the option of the owner to claim the award. The adjudication upon the appeal was as binding upon the defendant as it could have been upon its predecessor if no sale or transfer of the railroad had been made.

Now the company contends, first, that the statute gives no authority to the owner to sue upon the award made in a condemnation proceeding; and, second, that such owner is limited to a recovery on the bond given to secure the payment of the award. The fact that the statute does not specifically provide a form of action for the enforcement of an award does not mean that it is not enforceable, where a railroad company appropriates and uses the right of way. It indicates rather

that any and all appropriate common-law remedies may be employed by the owner. Of course, there are remedies of ejectment, trespass, and permanent injunction against the occupancy and use; but when these are waived, as in the present case, the remedy frequently used is the recovery of the award, with the alternative that, if the judgment is not paid within a specified time, the further occupancy of the land may be enjoined. There are many authorities holding that where damages have been ascertained and an award has been made in a legally constituted tribunal, and no specific provision is made for the enforcement of the award, the common law supplies the necessary remedy and an action in the nature of debt may be maintained. (*Bigelow v. The Cambridge and Concord Turnpike Corporation*, 7 Mass. *202; *Jeffrey v. The Blue-Hill Turnpike Corporation*, 10 Mass. *368; *Corwith v. Village of Hyde Park*, 14 Ill. App. 635; *Blanchard v. The Maysville, Washington, Paris and Lexington Turnpike Co.*, 1 Dana [Ky.] *86; *O. & N. W. R. R. v. Menk*, 4 Neb. 21; *Ganson v. The City of Buffalo*, 1 N. Y. 454; *Sage et al. v. City of Brooklyn*, 89 N. Y. 189; 2 Lewis, Eminent Domain, 2d ed., § 609, and cited cases.)

The contention that Murphy was confined to an action upon the bond given by the railroad company in pursuance of the statute to secure damages to be awarded is not sound. The bond was not in fact given at the time and in the manner prescribed by the statute, and if it had been Murphy would not have been compelled to rely solely on an action upon it. The statutory provision is that when an appeal from an award is taken and the condemning company desires to take possession of the land and proceed at once to construct its railroad it may do so by paying or depositing the amount awarded and giving a bond with sufficient securities that it will pay the damages and costs that may be adjudged on the appeal. (Gen. Stat. 1901, § 1364.) The bond provided for is no more than a security for the payment of the damages to be ultimately

awarded.   To avoid delay in the building of a public highway the company is permitted to take possession of the land while the proceeding is still pending, and before the damages are finally determined, by giving the owner such indemnity as will protect him in case a larger award is made on appeal.   Nothing in the statute nor in the nature of the proceeding indicates a purpose to require the owner to rely alone on this security. In *Fisher v. Warwick Railroad Co.*, 12 R. I. 287, the court had under consideration the question whether owners should exhaust the security given for the payment of damages to be finally awarded in a condemnation proceeding before they could maintain an action against the company on the award, and it was held that the bond was no more than what it purported to be—a provision for security for the payment of the award to be finally made, and that it did not bar or suspend the other remedies provided by law.

The right to damages and the extent of the recovery to which Murphy was entitled were settled by the judgment upon the appeal.   That judgment is final as to the company which purchased the railroad during the pendency of the proceeding.   Some of the questions discussed are therefore not open to inquiry and others of them do not appear to require special consideration.

The judgment of the district court is therefore affirmed.