GABRIEL SCHMUCK et al., *Appellees*, v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant.*

No. 17,631.

SYLLABUS BY THE COURT.

1. CONDEMNATION PROCEEDINGS—*Award—Res Judicata.* In a suit on an award of damages for land taken by a railway company under condemnation proceedings brought against the assignee and successor in interest of the condemning company, the judgment of the district court, affirmed by this court, establishing the award against the condemning company is conclusive upon its successor as to the right of the parties recovering the judgment to do so.

2. LIMITATION OF ACTION—*Final Judgment.* The statute of limitations did not begin to run against the suit to recover the award from the successor of the condemning company until the judgment establishing the award became final.

Appeal from Cherokee district court. Opinion filed May 11, 1912. Affirmed.

*John Madden, W. W. Brown,* and *Al Williams,* for the appellant.

*William F. Sapp,* and *Andrew S. Wilson,* for the appellees.

The opinion of the court was delivered by

BURCH, J.: In the year 1901 the Missouri, Kansas and Northwestern Railroad Company appropriated a right of way across a tract of land. The owners ap-

Schmuck v. Railway Co.

pealed from the award of damages to the district court, which, by a judgment rendered in November, 1906, increased the award. The railroad company took an appeal to this court, which affirmed the judgment in February, 1909. Pending the litigation, and about May, 1902, the defendant, the Missouri, Kansas & Texas Railway Company, succeeded to the rights, interests and liabilities of the M. K. & N. W. R. R. Co., and on December 6, 1909, the plaintiffs sued the defendant to recover the amount of the award. Judgment was rendered for the plaintiffs and the defendant appeals.

While the appeal from the award of the right of way commissioners was pending in the district court John C. Shoemaker, one of the landowners, died and the action was revived in the name of his administrator, G. C. Pearson, who, in his representative capacity, is one of the plaintiffs. Apparently no question was raised by the M. K. & N. W. R. R. Co. concerning the right of the administrator to recover for the appropriation of his decedent's land, and judgment was rendered in his favor as if he were the proper party. In the present action the defendant disputes the right of the administrator to any portion of the award, asserts that the heirs of the deceased landowner alone are entitled to his portion of it, and complains that an application to have the heirs made parties was denied. The matter is *res judicata.* Whatever may be the correct rule of law on the subject the district court decided that the administrator could recover and gave judgment in his favor, which judgment became final and conclusive as to the M. K. & N. W. R. R. Co. The defendant did not choose to intervene, but allowed the judgment to be taken in favor of the administrator against its privy and predecessor in interest, and can not now open the adjudication with respect to parties any more than it could do so with respect to the amount of the judgment. (*Railway Co. v. Murphy,* 75 Kan. 707, 715, 90 Pac. 290.)

It is claimed that the present action is barred by the

statute of limitations, the defendant having taken possession of the right of way in 1902 and the increased award having been made by the district court in 1906. This argument is based upon the implied assumption that the defendant's liability is something separate from and independent of the liability of its predecessor. Such, however, is not the case. By taking over and electing to keep the benefits of the appropriation the defendant became subject to the liability of the condemning company, whatever that might be and whenever finally ascertained. (*Railway Co. v. Murphy,* supra.) The debt of the defendant not having been conclusively established until the judgment of this court was rendered in 1909 the statute of limitations did not commence to run against a suit to recover that debt until that time.

The judgment of the district court is affirmed.