J. T. BROCK, *Appellee*, v. GEORGE FRANCIS, *Appellant*.

No. 18,113.

SYLLABUS BY THE COURT.

ACTION—*Damages—Barred by Statute of Limitations.* An injury occurred May 11, 1904. A petition in an action to recover damages was filed May 9, 1906, and a summons issued on that day was served May 11, answer day being June 8. June 7 the defendant filed a motion to set aside the service on the grounds that no summons had been issued and served as required by law and that the pretended summons was void. July 7 this motion was confessed. Alias summons was issued October 1 but service was not had until October 10. *Held*, that the action was not begun until the date of the last-mentioned summons. *Bank v. Clark*, 69 Kan. 864, 77 Pac. 92, distinguished.

Appeal from Montgomery district court. Opinion filed April 12, 1913. Reversed.

*Charles Bucher, J. H. Dana*, and *W. E. Ziegler*, all of Coffeyville, for the appellant.

*L. P. Brooks*, of Cherryvale, for the appellee.

The opinion of the court was delivered by

WEST, J.: The only question presented is the statute of limitations, it having been agreed what the plaintiff should recover if entitled to recover at all. The record shows that on May 11, 1904, the plaintiff's wife was injured in a runaway alleged to have been caused by the frightening of her horse by the defendant's automobile. The petition to recover for loss of services of his wife, for medical expenses and for nursing, and for damages to the plaintiff's horse and buggy was filed May 9, 1906. Summons was issued on the same date and served on May 11, the answer day being June 8. On June 7 defendant filed a motion to set aside the service, which motion on July 7 was confessed. On the same date, July 7, a præcipe for an alias summons

was filed, another on August 29, and another on October 1. October 1 an alias summons was issued which was served October 10. October 29 a motion to set aside the service was filed, which motion was overruled May 4, 1907. The answer pleaded the statute of limitations generally, with other defenses, and testimony was taken to show the presence of the defendant within the state.

It is insisted that after the confession of the motion to set aside service on July 7, subsequent issuance of service of summons amounted to the beginning of a new action and not to the completion of service in one already begun. Also that the defendant, having pleaded the statute of limitations, failed to prove his presence in the state subsequent to January 1, 1906.

It is suggested that the cause of action for loss of services, medical attention and nursing did not accrue until long after May 11, 1904. But the injury which thus resulted occurred then, and certainly the damage to the horse and buggy was sustained then, and we see no escape from the proposition that whatever cause of action the plaintiff had arose at the date of the collision. He could have sued the next day for injury to his property already suffered and for his loss of services and expenses which he could show he was to suffer by reason of the injury to his wife, "and whenever one person may sue another a cause of action has accrued and the statute begins to run." (25 Cyc. 1066.)

(*Calumet Electric St. Ry. Co. v. Mabie,* 66 Ill. App. 235; *Birmingham v. Chesapeake & C. R. Co.,* 98 Va. 548, 37 S. E. 17; *Jackson v. Emmons,* 19 App. D. C. 250.)

The testimony regarding the presence of the defendant within the state was by no means as clear as it might have been, but from the questions and answers taken together it may fairly be inferred that he was in the state substantially all the time up to August, 1906.

Brock v. Francis.

The grounds of the first motion to set aside and quash the service were that no summons had been issued and served in the cause as required by law, and that the pretended summons issued was void.   When this motion was confessed, on July 7, the case was in the condition of having a petition, præcipe and summons on file under date of May 9, and nothing more. The service of the alias summons issued October 1 was attacked by motion to quash and set aside on the grounds that no summons had been issued and served in the case as required by law and that the pretended summons and services were void.   Although the only defect appearing on the face of the original summons was the failure to indorse the amount sued for, and although the same defect appeared on the alias summons issued October 1, the motion to quash was overruled.   The motion to quash the original summons having been made on the grounds already stated, and the motion having been confessed, it would seem that not until the 1st of October was any summons issued on which service was made which even the plaintiff claimed to have been good.   No exception to the quashing of the original was taken, and of course none could have been taken, for the motion was confessed.   The defendant cities section 19 of the civil code, especially the clause:

"An attempt to commence an action shall be deemed equivalent to the commencement thereof within the meaning of this article when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days."

This section was said at an early day to have application only to the statute of limitations.   (*Dunlap v. McFarland*, 25 Kan. 488, 491.)   In *C. K. & W. Rld. Co. v. Comm'rs of Chase Co.*, 42 Kan. 223, 21 Pac. 1071, it was held that a case must be considered as commenced

30—89 KAN.

at the date of the process actually served upon the defendant. In the opinion it was said:

"Although actual jurisdiction of a defendant can not be obtained without service of summons or original process upon him, nor until the service is actually made, yet when the service is actually made, the case must then be considered as having been commenced at the date of the process served upon the defendant." (p. 227.)

In *Insurance Co. v. Stoffels,* 48 Kan. 205, 29 Pac. 479, the policy sued on limited the time of action to six months next after the fire. The petition was filed and the summons issued in time, but the summons and services were on motion set aside by the court, and afterwards, the six months having expired, a new summons was issued and served, and this was held to be too late. In the opinion it was said:

"There having been no objection to the action of the court below in setting aside said summons and service, and no exception thereto, and no appeal having been taken from the order of the court therein, the judgment of the court thus expressed settled the law of that case, and the plaintiff in error can not now question it. After the summons and service thereof were set aside by the court below, there was nothing left in that court except the petition and præcipe; and the case stood then as though there never had been anything done therein except to file a petition and præcipe; and it will not be pretended that the mere filing of a petition and præcipe constitutes the commencement of an action." (p. 209.)

In *Jones v. Warnick,* 49 Kan. 63, 30 Pac. 115, it was held that an affidavit for service by publication must be filed and the first publication made within sixty days from the date of filing the petition, in order for action in attachment to be begun, following *Bannister v. Carroll,* 43 Kan. 64, 22 Pac. 1012, which pointed out the distinctions between *lis pendens* and the time when an action is begun, and wherein it was said that sec-

tion 19 (Former Civ. Code, § 20) has no application "except to fix an arbitrary time at which the statutes of limitation cease to run against the claim or demand of the petition." (p. 68.) In *Modern Woodmen v. Bauersfeld*, 62 Kan. 340, 62 Pac. 1012, a similar ruling was made. In the opinion it was said that the clause that an action shall be deemed commenced at the date of the summons which is served on the defendant, or a codefendant united in interest with him, declares when the action shall be deemed commenced and relates to the matter of commencement; and that section 58 (Former Civ. Code, § 57), providing that a civil action may be commenced by filing a petition and causing a summons to be issued thereon, provides how it may be commenced and relates to the manner of commencement, and that "it shall be deemed commenced at the date of the summons which is served upon the defendant." (p. 341.) In *Green v. McCracken*, 64 Kan. 330, 67 Pac. 857, the action was brought on July 14, 1898, and summons issued for both defendants and returned July 21 *non est* as to one of them who was a nonresident. September 17 an affidavit for attachment was filed, and the order therefor was returned October 15 without showing service. November 15 an alias order was issued, which was returned November 25 "no property found." November 26 plaintiff filed an affidavit for garnishment summons which was issued to several garnishees, some of whom disclosed by their answers that they owed the nonresident defendant. December 22 plaintiff filed an affidavit for publication service against him on the ground of nonresidence. December 2, the nonresident defendant appeared and moved to dismiss the action as to him for want of jurisdiction because more than sixty days had elapsed since the filing of the petition and no service of summons had been made upon him. The denial of the motion was held to be correct, no

question of limitations being involved, but the court said:

"To be sure, the mere filing of the petition without being followed by the service of summons in the time specified would not stay the statute of limitations as provided in section 20 of the code. [Civ. Code 1909, § 19.] Neither would it amount to a *lis pendens.*" (p. 333.)

In *Insurance Co. v. Wright,* 6 Kan. App. 611, 49 Pac. 704, it was held that a petition being filed and the summons issued on January 29, the service being set aside and an alias summons issued on February 12 and properly served February 14, the action should properly be deemed to have been commenced on January 29. In the opinion it was said:

"The petition in this case was filed January 29, 1891, being several days prior to the expiration of the six months' limitation. The service of the summons only was set aside on March 4, 1891. On February 12, 1891, an alias summons was issued and properly served. This is a full compliance with the requirements of the statute. The plaintiff certainly attempted to commence her action on January 29, 1891, and faithfully, properly and diligently endeavored to and did procure a service upon the Company within sixty days." (p. 616.)

The court quoted (p. 616) with approval. from *Thompson v. Wheeler & Wilson Mf'g. Co.,* 29 Kan. 476, which held actual service of summons in error within sixty days from the filing of the petition sufficient to give jurisdiction—the one year for the commencement of proceeding in error having expired between the time of filing the petition and the service of the summons.

It would seem from these decisions to be the settled construction of the statute in question that when the petition is filed and summons issued in time, and the service is set aside, it is necessary that proper service must be made within sixty days in order for the action

to be deemed begun when the petition was filed. The plaintiff was required to bring his action within two years from the time his cause of action accrued. (Civ. Code, § 17, subdiv. 3.) Section 19 fixes the time when such action shall be deemed to have been begun, and if not begun in the time prescribed the defendant may rightfully interpose the bar of the statute.

The plaintiff insists that this was a case of failure otherwise than upon the merits, which operated to toll the statute for one year, and cites *Bank v. Clark*, 69 Kan. 864, 77 Pac. 92. The bank sued Clark and others on a note due February 29, 1891. The summons served on Clark was not indorsed with the amount sued for. Clark failed to appear, and judgment was taken against him November 16, 1896. September 23, 1897, at plaintiff's request, the judgment as to Clark was set aside on the ground that the summons was void. September 13, 1899, plaintiff applied to have this order set aside, which was denied. January 7, 1903, plaintiff caused an alias summons to issue against Clark, which was regularly served. June 22, 1903, judgment was rendered against the plaintiff for costs. It was held that the order setting aside the judgment was final, and being unappealed from the plaintiff could not complain. But it was said:

"Had the alias summons been issued within one year from September 23, 1897, the date the judgment was set aside, the statute of limitations could not have been successfully pleaded." (p. 864.)

In *Parker v. Dobson*, 78 Kan. 62, 96 Pac. 472, an action was brought against the makers of a note, one of whom was duly served. A summons was also sent to another county and served on another maker who resided there. The plaintiff believed in good faith that he had a valid cause of action against the local defendant, but becoming convinced that the action against him was barred he dismissed the action as to that one. Then the resident of the other county moved

to set aside the summons and service, which was done and the entire proceedings dismissed. It was held that the plaintiff, having failed otherwise than upon the merits, had one year within which to begin another action. The court said:

"The result was not to obliterate historical facts, but to start a new train of events; not to render uncommenced an action which had been commenced, but to afford ground for terminating, otherwise than upon the merits, an action which had been commenced." (p. 69.)

That it had in fact and in law been begun in time was of course sufficient in that case, while here the pivotal question is as to whether the action was thus begun. As to *Bank v. Clark*, 69 Kan. 864, 77 Pac. 92, it should be said that the order setting aside the judgment was made upon the request of the plaintiff. The judgment had been rendered November 16, 1896, several months after the statute had run, but it does not appear when the petition was filed or when the unindorsed summons was served on Clark. When the plaintiff applied in September, 1899, to have the order set aside, which was in effect asking to have the judgment reinstated, its request was denied. After that, alias summons was issued, but Clark, at each successive step, "by appropriate motions and pleadings, saved whatever right he had under the statute of limitations" (p. 864), and finally, in June, 1903, judgment against it for costs rewarded the plaintiff for its prolix attempts to collect from Clark. The court refused to reverse this judgment, and in a *per curiam* opinion said that the order of September 23, 1897, setting aside the judgment was final unless set aside by proceedings in error, which were not taken. What was said as to the failure of the action otherwise than on its merits, and as to the tolling of the statute, was out of line with the decisions referred to and was not necessary to a determination of the question involved.

Brock v. Francis.

Counsel cite *Clause, Adm'r, v. Savings Ass'n,* 16 Wyo. 450, 95 Pac. 54, in which the supreme court of Wyoming construed a statute identical in terms, and held that to deprive the county of jurisdiction of a case the summons or the service must be so bad that the judgment could be collaterally impeached, and that the quashing of service because made by the sheriff in a case to which he was a party left the plaintiff entitled to proceed and get good service within one year. But this ruling was made upon the express assumption that the action was not barred, and it was said:

"The question is not affected, in our opinion, by section 3462, making an attempt to commence an action followed by service within sixty days equivalent to the commencement thereof; for here service was obtained upon the summons issued, and if the action was not commenced by the issuance and service of that summons section 3465 would not apply and there would be no extension of the statutory period." (p. 467.)

The failure to indorse on the summons the amount sued for did not render the summons void, and the confession of the motion, which alleged the invalidity of both the summons and the service, should not be taken as a solemn admission that the summons was void, but it certainly must. be deemed equivalent to a stipulation that the service was bad, and hence there were a petition and a summons not served, and in order to deem the action begun it was essential that actual service be made within sixty days. This not having been done, and the statute having run, the action was barred.

Complaint is made that the plea of the statute was so drawn as to amount only to a conclusion of law, but we think it gave the plaintiff sufficient information as to the defendant's claim, and it was met, not by motion or demurrer, but by an objection to testimony, which was no better than the pleading complained of. (*Howard v. Carter,* 71 Kan. 85, syl. ¶ 3, 80 Pac. 61; *Railway Co. v. Murphy,* 75 Kan. 707, syl. ¶ 3, 90 Pac. 290; *Cap-*

*per v. Paper Co.*, 86 Kan. 355, syl. ¶ 5, 121 Pac. 519; *Gano v. Cunningham*, 88 Kan. 300, 128 Pac. 372.)

We are clear that the cause of action was barred when the alias summons was issued on October 1, unless the defendant's absence from the state prevented the statute from running, and from the arguments and briefs, as well as the record, we think there is no serious question as to that. The plaintiff says in his brief that the defendant did not prove when the statute began to run, "unless it be said by the court, as a matter of law, the time of the injury is the time when the statute commences to run."

There being no doubt that this is the time, the judgment is reversed and the cause remanded with directions to render judgment for the defendant.