No. 35,267

HATTIE BELLMEYER, *Appellee*, v. THE CITY OF COFFEYVILLE, *Appellant*.

(118 P. 2d 619)

Opinion filed November 8, 1941.

*Aubrey Neale,* of Coffeyville, for the appellant.

*John Miller, Morris D. Hildreth* and *Roy Kirby,* all of Coffeyville, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for personal injuries sustained by plaintiff, caused to fall by coming in contact with merchandise which it was alleged defendant negligently permitted a merchant to display in front of his place of business on the side-

walk. The trial court overruled a demurrer to the second amended petition, and defendant has appealed.

The injury occurred September 1, 1938. The action was filed August 30, 1940, and on that day a summons was issued and returned the next day. The officer's return recited:

"I made a diligent search of my county aforesaid for the president, cashier, treasurer, secretary or other officers of the within named defendant, . . . and not finding any of the above-named officers in my county other than the city clerk, I then summoned the within-named defendant, . . . by delivering a certified copy of this writ with all the endorsements thereon to A. P. Irvin, he being the city clerk and the highest officer of the above-named defendant found in my county."

On September 30, 1940, defendant filed a motion to quash the service for the reason the summons was not served upon the mayor, as by law provided, and said mayor not being absent at the time summons was served. On October 15 the sheriff asked and obtained leave to file an amended return, which recited:

"I went to the office of the mayor of the city of Coffeyville on the 31st day of August, 1940, and not finding J. D. Byers, mayor, . . . in his office, I then summoned the within-named defendant, . . . by delivering a certified copy of said summons with all endorsements thereon to A. P. Irvin, city clerk. . . ."

On October 25, 1940, the motion to quash the service was heard and overruled. Thereafter an amended petition was filed, a motion to make it more definite and to strike certain portions was considered and sustained in part, and a second amended petition was filed, to which the defendant's demurrer was directed. Appellant argues the service of the summons was absolutely void. We think the point is not well taken. While the return first made conforms more nearly to the service upon corporations generally than with the statute for service on a city (G. S. 1935, 60-2517), the amended return was more in harmony with the statute and conformed to the facts as shown at the hearing. In the meantime, on October 19, plaintiff had an alias summons issued, which was served on the mayor on September 22. Appellee argues that in any event this service was good under G. S. 1935, 60-301 and 60-308 (last sentence), and in support of that contention cites *Thompson v. Wheeler & Wilson Mfg. Co.,* 29 Kan. 476; *Insurance Co. v. Wright,* 6 Kan. App. 611, 49 Pac. 704, and *Brock v. Francis,* 89 Kan. 463, 468, 131 Pac. 1179. While this point appears to be good, there is no ne-

cessity of relying upon it since, in our judgment, the court was correct in holding the service on the first summons was not void.

Appellant argues the petition does not state facts sufficient to constitute a cause of action. Briefly stated, it is alleged in the petition that there is a sidewalk twelve feet wide along and in front of a certain store; that defendant had knowingly permitted the operator of the store to construct on the sidewalk a long wooden bench or display rack, parallel to the side of the building used by the merchant, about 18 inches high, about 2 feet wide at the top, set about 9 inches from the building, the legs of which bench or display rack were so constructed that they extended out over the walk from 3 to 6 inches farther than the top of the bench; that all together it extended approximately 3 feet out on the traveled portion of the sidewalk; that the east end of the bench was a little more than 5 feet west of the main entrance into the storeroom; that there were bushel baskets filled with fruits and vegetables sitting on the sidewalk between the end of the bench and the door to the building, and also upon the bench; that on the day in question plaintiff had purchased merchandise in the store and came out the main entrance and started along the sidewalk. A group of men was standing on the walk, and as she walked past them her dress caught on one of the baskets, which threw her more nearly to the bench, her foot caught on the base of the bench, which protruded out on the sidewalk, and by reason thereof she was thrown violently to the sidewalk and sustained personal injuries. It was alleged there was a city ordinance which prohibited merchants from using more than two feet next to their buildings for the display of merchandise; that the city was negligent in permitting the sidewalk to be obstructed in the manner described, and that the condition had existed several months and the city knew, or should have known, of its existence. We think the case of no liability on behalf of the city is not so clear that we can state it as a matter of law.

The notice of injury filed by plaintiff under G. S. 1935, 12-105, stated that plaintiff's claim is based "upon the city permitting the sidewalk where I sustained my injury to be unsafe for use by pedestrians on account of said merchandise being piled on said sidewalk." It was argued by appellant that the allegations of the petition with reference to the bench and the baskets and the manner in which the merchandise was displayed on the walk are at such a variance from the statement in the notice of injury as to be fatal.

The point is not well taken. The allegations of the petition simply particularize the manner in which the merchandise was piled or displayed upon the sidewalk.

We find no error in the record. The judgment of the court below is affirmed.